209  241
e115a³469

THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

MARTIN DOUGHERTY.

*Opinion filed April 20, 1904.*

1. EVIDENCE—*admissibility of evidence of additional injuries at second trial.* Evidence tending to show injuries not complained of on the first trial of a personal injury case is admissible in later trials, where the injuries are such as develop slowly and might have been caused by the accident and not discovered by the plaintiff at the time of the first trial.

2. SAME—*competency of testimony of physician as to possible cause of injury.* A physician may give his opinion that the injury to plaintiff's eye might have been caused by the accident, even though he did not examine the plaintiff until long after the accident occurred, the weight and credibility of such testimony being for the jury.

3. SAME—*evidence as to wages earned by plaintiff in former employment is competent.* Evidence as to the amount of wages per month earned by the plaintiff for many years in a former employment is competent upon the question of damages in an action for personal injury, even though he had quit such employment at the time of the accident and was then earning much less.

*West Chicago St. R. R. Co.* v. *Dougherty*, 110 Ill. App. 204, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

John A. Rose, and Louis Boisot, (W. W. Gurley, of counsel,) for appellant.

Waters & Johnson, and Edward Maher, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an action on the case, brought by appellee to recover for personal injuries caused by a collision between one of the appellant's cable cars and a one-horse wagon in which appellee was riding. The case has been tried three times. Upon the first trial appellee obtained a judgment for $3000, which was reversed by this court (170 Ill. 379,) because of the refusal of an instruction asked by the defendant. Upon the second trial he obtained judgment for $5500, which was reversed by the Appellate Court (89 Ill. App. 362,) because of the modification of an instruction asked by the defendant. At a third trial he again recovered a judgment for $6000, which has been affirmed by the Appellate Court for the First District, and this further appeal is prosecuted.

The accident occurred on October 6, 1892, about seven o'clock in the morning, on Milwaukee avenue, at the intersection of Wabansia avenue. Milwaukee avenue runs north-west and south-east, Wabansia avenue runs east and west, intersecting it. There is a jog in the latter at Milwaukee avenue of about 175 feet to the north-west. Appellant has a double track railroad on Milwaukee avenue upon which it operates cable cars. The appellee, at the time of the accident, was riding in an open express wagon, together with three other fellow-laborers, going to their work. The wagon was driven west on Wabansia avenue, and when it arrived at Milwaukee avenue, the driver, one James O'Brien, turned north-west on the right side of the street, outside of the car tracks, and proceeded north-west on Milwaukee avenue until he arrived opposite the middle of that part of Wabansia avenue

which extends west from Milwaukee avenue. There was a car coming from behind, which passed the wagon shortly before it reached the point at which those in the wagon wished to turn out of Milwaukee into Wabansia avenue. As soon as the car passed them the driver turned the horse to the left and drove behind it, directly upon another track, upon which a car was approaching from the north-west. The horse got across the track, but the wagon had not cleared it when the corner of the car struck the rear wheel, overturning the wagon and throwing the occupants upon the pavement, causing the injury to appellee for which he sues.

It is first insisted that the trial court erred in admitting evidence of injuries to plaintiff which, it is claimed, were in no way connected with or caused by the accident. Upon the first trial the only injury complained of was to the left hip and ankle. Upon the second trial, in addition to those injuries, evidence was offered tending to prove that plaintiff had an oblique inguinal hernia and a detachment of the retina of the left eye, resulting from the accident. Upon the third trial he proved that he was still suffering from the hernia, and that his eye had grown so much worse since the second trial that the eyeball had to be removed. It is claimed by appellant that these last two injuries were not caused by the accident but were after-thoughts on the part of the plaintiff, and that the testimony concerning them should have been excluded. The evidence is to the effect that before the accident plaintiff was a strong, able-bodied and healthy man, suffering from none of the ailments complained of on the trial, and that shortly after the accident the hernia and injury to the eye became apparent, and continued to grow worse from that time until the last trial. There is evidence not only tending to show that these ailments have existed since the accident, but also that they might have been caused by the injury sustained at that time, and that they were each of such a nature as to develop

slowly; also, that they could have been caused by the accident and not be discovered by the plaintiff until after the first trial. While these facts and theories are strenuously denied and disputed by witnesses for the defendant, producing an irreconcilable conflict in the testimony, the questions raised were for the consideration of the jury under proper instructions from the court. We think the evidence was competent and that no error was committed in admitting it. The same may be said of the statements of Dr. Fellows, a witness introduced by the plaintiff, giving his opinion as to the cause of the injury to the eye, notwithstanding the fact that he had not examined the plaintiff until long after the accident occurred. The testimony was competent. Its weight and credibility were for the jury.

Appellee testified that he had worked for sixteen years in a rolling mill, shoveling iron ore, and received $100 per month, but that about two months before the accident he had quit the mill, and at the time of receiving his injury was working as a laborer, shoveling dirt and laying sewer pipe, for which he received much less, and he was permitted, over appellant's objection, to state that he had earned $100 per month in the mill. It is claimed that this evidence was erroneous, and gave the jury a wrong basis upon which to estimate the plaintiff's damages. The position is untenable. In the case of *West Chicago Street Railroad Co.* v. *Maday,* 188 Ill. 308, plaintiff was permitted to state what wages he had earned at his trade, which he abandoned five years before the accident, and we there held that the admission of the testimony was not such prejudicial error as should reverse the judgment. The evidence admitted by the court below was of wages earned only two months before the alleged injury. We do not regard the evidence incompetent. It was proper to be considered by the jury, together with the other evidence of plaintiff's earning capacity, in fixing the amount of his damages.

Complaint is next made of the fifth instruction given on behalf of appellee, as follows:

"You are instructed that the question whether or not the plaintiff, Dougherty, exercised ordinary care for his personal safety immediately before and at the time of the occurrence of the injury complained of is a question of fact, to be determined by you from the evidence before you; and you are further instructed, as a matter of law, that the question of whether or not the defendant, the West Chicago Street Railway Company, was guilty of negligence, as alleged in the declaration, is for your determination also from the evidence before you; and you are further instructed, as a matter of law, that if you find, from the evidence, that the defendant has been guilty of negligence, as charged in the declaration, and that such negligence caused the injury to the plaintiff complained of in the declaration, and that immediately before and at the time of such injury the plaintiff was in the exercise of ordinary care for his personal safety, then your verdict should be for the plaintiff; and you are further instructed that the court does not intimate to you an opinion as to whether one party was in the exercise of ordinary care or the other party was guilty of negligence, as alleged. These questions are for your determination alone, from the evidence in the case."

It is insisted that this instruction is misleading and erroneous because it tends to place the jury independent of the court, and to give them the impression that they were at liberty to decide the questions of negligence and of ordinary care regardless of the instructions of the court. It is certainly not a model of perspicuity, and standing alone might be subject to the criticism made upon it. Even then, the jury could hardly have been misled by it to the defendant's prejudice. It was, however, only one of many instructions offered by the parties, some of which expressly told the jury that the instructions must be accepted as the law of the case; that the

jury should look solely to the evidence for the facts and to the instructions for the law, and that the evidence in the case and the instructions of the court as to the law should alone govern and control the verdict of the jury. By these instructions the jury were fully informed as to the consideration they were required to give to the instructions by the court as to the law of the case.

The instructions, considered as a series, were quite as favorable to defendant as it had a right to ask or expect.

All controverted questions of fact having been settled adversely to the appellant by the judgment below and no substantial errors of law being here pointed out, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*