CYRUS KNOX, Appellee, *vs.* THE AMERICAN ROLLING MILL
CORPORATION, Appellant.

*Opinion filed October 26, 1908—Rehearing denied Dec. 3, 1908.*

1. MASTER AND SERVANT—*when a servant does not assume risk.*
A night foreman in a rolling mill does not, as a matter of law, as-
sume the risk incident to the removal of planks over a pit in the
engine room, where he had no notice whatever that they had been
removed, and where they had never been removed before, to his
knowledge, during the time of his employment.

2. SAME—*the master should warn servant of increased hazard.*
The duty of the master to exercise reasonable care to provide a
reasonably safe place for his servant to work requires that he give
warning to a servant whose duties require him to go about the
building in the night time, of the removal, during the servant's ab-
sence, of planks from a pit which he was accustomed to cross.

3. SAME—*whether the servant was guilty of contributory negli-
gence is usually a question of fact.* Whether the night foreman in
a rolling mill was guilty of contributory negligence in going into
the engine room at night without a torch is a question of fact for
the jury, where the evidence shows that while some servants used
torches the foreman had never carried one, and that he had no
notice that the planks had been removed from the pit into which
he fell when passing through the room, according to his custom.

4. EVIDENCE—*what is competent on question of damages in a
personal injury case.* As bearing upon the amount of damages
recoverable in a personal injury case, it is proper to inquire into
the comparative capacity of the plaintiff to earn money before and
at the time of the injury, and all evidence tending to show the
character of plaintiff's ordinary pursuits, and the extent to which
the injury has prevented or will prevent him from following such
pursuits, is admissible.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. A. H. FROST, Judge, pre-
siding.

This is an action brought by appellee, against appellant,
in the circuit court of Cook county, for personal injuries
sustained by him July 28, 1902, by falling into a pit at ap-
pellant's mill, in Muskegon, Michigan. The jury returned
a verdict in favor of appellee for $2700, upon which judg-

ment was entered. The Appellate Court, on appeal, affirmed the judgment of the lower court, and the case was thereupon brought to this court for review.

Appellee was night foreman for the appellant company and had been holding that position for something over six weeks. Appellant's plant consisted of a muck mill, an open hearth steel plant, two finishing mills and a gas house, all under one roof. The plant ran day and night. All but the steel plant, however, shut down over Saturday night and Sunday. Appellee usually went to work at six o'clock on week day nights and at any time between eight and ten o'clock on Sunday nights. The furnace and engine room appear to have been separated by a wall about three feet high, both being in the central part of the building. The floor of the engine room was lower than that of the furnace room, with two or three steps between. In the former room was a long pit, in which ran a large fly-wheel and a large pulley-wheel, connected by a belt. The axles of both these wheels stood a little above the floor, the distance between the rims being about twenty feet. The pit between these two wheels was usually covered with planks, twenty or more in number, to enable persons to walk across. These planks were loose, and were never taken up except for the purpose of doing repairing about the wheels, which could only be done when the engine was not running. Appellee left the plant each week between six and seven o'clock Saturday morning and did not return until Sunday night, and had no knowledge of what was going on in the plant in these intervals unless he was notified. Three of the planks across this pit were removed, according to the testimony of appellee, some time after he left on the Saturday morning immediately preceding the accident and before the Sunday night when the accident occurred. The testimony of appellant tends to show that the planks were removed two or "about three days" before the time of the accident. The opening left by taking up these planks was about three

feet wide by four feet long. They appear to have been taken up for the purpose of doing some babbitting work about the shafts of the wheels. This work had to be done in the daytime. On the Sunday night in question appellee went to work about seven o'clock. That night he had several men cleaning up the mill preparatory to starting up Monday morning. They were at this work until about midnight and then went to lunch. Appellee had instructed them that after lunch they should couple up the nine-inch mill. While they were eating he sat down by the furnace for a time, and after the men had eaten their lunch the appellee started through the engine room to go to the nine-inch mill, where the men were at work. He walked down the steps into the engine room to pass in a north-westerly direction across the pit on the planks and stepped into the open space left by the removal of the three planks, falling into the pit. His left arm was drawn from the socket at the shoulder and the muscles and tendons loosened from the back, some of them being broken. The evidence shows, without contradiction, that for over two years he was unable to dress himself, and that at the time of the trial, five years after the accident, there was no motion of his arm in any direction when it was lifted above his shoulder, that there was atrophy of the arm and shoulder muscles, and that the injury was permanent. The evidence also tends to show that the place where the accident occurred was in a semi-dark condition, there being some light from the furnace room and light from a torch twenty or twenty-five feet away and from another torch a little nearer.

F. J. CANTY, J. C. M. CLOW, and E. E. GRAY, (H. E. LONG, of counsel,) for appellant.

DARROW, MASTERS & WILSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the close of plaintiff's testimony, and also when all the evidence had been introduced, appellant offered an instruction asking to have a verdict directed for defendant. These instructions were refused and exceptions duly taken.

It is insisted that there was no evidence in the record justifying the verdict; that appellee not only assumed the risk of the accident, but was guilty of contributory negligence. As there is evidence in the record fairly tending to support the verdict of the jury, which has been approved by the trial court and the judgment of the Appellate Court, we cannot inquire into those questions, except in so far as to find whether the law was properly applied on the trial.

Counsel for the appellant have not in their argument clearly distinguished between contributory negligence and assumption of risk. These subjects are different and distinct in law, although they may both arise under the facts of a particular case. (*Chicago and Eastern Illinois Railroad Co.* v. *Heerey,* 203 Ill. 492.) In that case we said (p. 502): "Every person suing for a personal injury must show that he was in the exercise of ordinary care and caution for his own safety, so that the question of contributory negligence may be involved in every case; but an employee may have assumed a risk by virtue of his employment or by continuing in such employment with knowledge of the defect and danger, and if he is injured thereby, although in the exercise of the highest degree of care and caution and without any negligence, yet he cannot recover."

The evidence is uncontradicted that during the time of appellee's employment by appellant the pit in question had always been covered with planks up to within a day or two of the accident; that the employees were accustomed to go back and forth across these planks in passing through the mill, though there was another way that could be taken if desired; that when the pit was so covered there was no danger in crossing. The appellee swore positively that the

planks had never been taken up before while he was at work for appellant, and that he had no knowledge or notice of their being taken up at this time, before he fell into the pit. There is no evidence tending to show, in the slightest manner, that he had notice of the planks being up before the time of the accident. If the defects are open and obvious, that fact is generally sufficient to charge an employee with knowledge, and knowledge may also be inferred from his familiarity with the working place or machinery with which he is required to work. (3 Elliott on Railroads,— 2d ed.—sec. 1312.) An employee assumes all the hazards which are obvious and apparent and which are known to him, although such conditions were produced by the master's negligence, if he continues in such employment without the master's promise to remedy such defects; (*Kath* v. *East St. Louis Railway Co.* 232 Ill. 126; *Elgin, Joliet and Eastern Railway Co.* v. *Myers,* 226 id. 358;) but as there is no evidence in the record tending to show that appellee had knowledge or means of knowing of this defect, there is no basis in the evidence for the contention that he acquiesced in the defective condition caused by the removal of these planks and assumed the risk, (*Davis Coal Co.* v. *Polland,* 158 Ind. 607,) or that he continued in the service of appellant without objection after he had knowledge.

The question of assumed risk not being in the case, there is no ground for appellant's contention that the giving of appellee's first instruction was reversible error, in that it omitted to refer in any way to this question.

The objection to the above instruction, and also to instruction 4 given for appellee, that they fixed the time when he should be using and exercising reasonable care for his own safety as "at the time of the injury," and therefore did not cover all the time of the transaction leading up to the injury, is without force. We do not think the jury would have any difficulty, under any of these instructions, in understanding the time meant. What was said by this court

in *Peterson* v. *Chicago Traction Co.* 231 Ill. 324, with reference to an instruction which was, if anything, more open to this objection than the one here in question, disposes of appellant's contention on this point.

It is further insisted that the appellee cannot recover because he was guilty of contributory negligence in not taking a torch before attempting to pass through the engine room. If the planks had not been removed from across the pit it certainly could not be contended that appellee would have been injured. It is true that some of the witnesses say the workmen used torches about their work, but appellee testifies that during all the time he acted as foreman there he never took a torch in going about the building. Whether or not he was guilty of contributory negligence under these circumstances was a question for the jury. All the evidence that was offered by either party on this question was submitted to the jury under proper instructions, and as there was evidence tending to support appellee's contention, the judgment of the Appellate Court approving that of the circuit court and the finding of the jury is binding on us.

Appellant makes the further contention that the court erred in permitting appellee to be examined as to his former occupation as a puddler and the wages that were generally paid for such employment. The proper inquiry in matters of this kind is the comparative capacity of the plaintiff to earn money at the time of and after the injury. (*Chicago and Joliet Electric Railway Co.* v. *Spence*, 213 Ill. 220.) All evidence tending to show the character of plaintiff's ordinary pursuits, and the extent to which the injury has or will prevent him from following such pursuits, is admissible. (4 Sutherland on Damages,—3d ed.—sec. 1248; *Graham* v. *Mattoon City Railway Co.* 234 Ill. 483.) Appellee, at the time he testified, in 1907, was fifty-three years old. The accident occurred five years before. The evidence shows that at the time of the accident he was in good physical condition and able to work at his former occupation

of puddler.  He, however, testified that he had not worked at puddling for two years, but that at the time of the accident "the job was still open for me to go back to."  He further testified that his arm was in such condition that it would be impossible for him, at the time he testified, to perform the work of a puddler.  The wages that he received as a puddler were more than he was receiving as night foreman at the time he was injured and more than he was receiving at the time he testified.  The facts in this case plainly distinguish it from *Chicago and Joliet Electric Railway Co.* v. *Spence, supra,* and other cases relied on by appellant on this point.  The evidence offered was proper to be considered, together with all the other evidence as to plaintiff's earning capacity, in fixing the amount of damages.  (*West Chicago Street Railroad Co.* v. *Dougherty,* 209 Ill. 241.)  Furthermore, this testimony only related to the amount of damages, and had no bearing on the question whether defendant was liable as charged in the declaration.

It is the duty of the master to use reasonable care to furnish a reasonably safe and proper place for the servant to work.  (*Illinois Steel Co.* v. *Ziemkowski,* 220 Ill. 324; *Donk Bros. Coal Co.* v. *Thil,* 228 id. 233.)  Appellee's duties required him to go to all parts of the building in question.  The planks were removed in the absence of appellee.  He had a right to assume that he would be informed by his master of any unusual dangers or increased hazards that had been created at the plant during his absence.  It was the duty of appellant, in the exercise of ordinary care, to warn him of any changes which would increase the danger of his employment, so that he might guard against the new hazard.  There is no evidence in the record that tends to show that any such warning was given.  The evidence tends to uphold the verdict of the jury.  *Iroquois Furnace Co.* v. *McCrea,* 191 Ill. 340; *Deering* v. *Barzak,* 227 id. 71.

We find no reversible error in the record.  The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*