# Milford E. Streeter, Plaintiff in Error, v. Western Wheeled Scraper Company, Defendant in Error.

## Gen. No. 5480.

1. NEGLIGENCE—*failure to guard dangerous machinery.* It is actionable negligence to operate a dangerous power-driven machine, not properly enclosed or otherwise guarded, and the only effect of the provisions of the statute requiring such a machine to be guarded is to render the owner or operator liable to the statutory penalties after failure to comply with a notice from the inspectors.

2. NEGLIGENCE—*what defense to action under Injuries Act.* If the injury to the plaintiff was caused by either an assumed risk, contributory negligence or the negligence of a fellow-servant, then he cannot recover.

3. MASTER AND SERVANT—*when doctrine of assumed risk applies.* A workman experienced in working with dangerous machinery and knowing the danger, must be held to have assumed the risk.

Action in case for personal injuries. Error to the Circuit Court of Kane county; the HON. DUANE J. CARNES, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

JOHN M. RAYMOND, JOHN K. NEWHALL and R. S. EGAN, for plaintiff in error.

J. C. MURPHY and E. L. LYON, for defendant in error.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

This is an action in case brought by Milford E. Streeter against the Western Wheeled Scraper Company to recover damages for the loss of three fingers. The first count of the declaration avers that defendant in error was operating a factory for the manufacture of plows and operated therein certain power driven machinery, including saws, planers, jointers, etc., and that plaintiff was an employe in said factory and that

defendant negligently failed to furnish reasonably safe machinery, by reason whereof plaintiff, while in the exercise of due care, was injured. The second count avers that defendant negligently failed to furnish plaintiff a reasonably safe place to work by reason of the close proximity of a certain jointer and saw. Four other counts aver negligence of the defendant in that it permitted certain knives which formed a part of the jointer to be unprotected and dangerous to employes, contrary to the statute. At the close of the evidence for the plaintiff the court directed a verdict for the defendant, on which after overruling a motion for a new trial judgment was entered, and the plaintiff sues out this writ of error to review that judgment.

The evidence shows that the jointer, on which plaintiff in error was injured, is composed of an iron table five or six feet long and twelve inches wide. In the center of the table and sunk beneath the surface was a set of knives which revolved at the rate of 2,600 revolutions a minute. The knives are run by a belt to a counter shaft near the floor. There were no guards over the knives or protection around the counter shafting or belt. The floor was covered with rubber so that employes would not slip. There was an open space of ten feet between the jointer and the north side of the building, the windows in which were three feet apart and extended from within two feet of the floor to the ceiling. The nearest machine to the jointer was a band saw eleven feet distant. The material was first run through the band saw and then placed on the floor about three feet from the jointer to be within easy reach of the men operating the jointer. Plaintiff in error at the time of the injury was twenty-four years of age, of average intelligence and had considerable experience with machinery; he testified that he had worked in a garage five months; that he had operated a steam punch for defendant in error about a year but

that he had only worked three days as a helper at the jointer machine; that he saw the knives on the machine; knew that they revolved rapidly and that the jointer was a dangerous machine; that the operator gave him instructions not to stand at the side of the machine and where to stand and what he should do. Just prior to the accident plaintiff in error was standing at the north side of the jointer facing south six to ten inches from it. The helper at the band saw either with a beam or his person bumped against plaintiff in error, knocking plaintiff in error from his feet. He grabbed at the side of the jointer to save himself, and his hand being wet with perspiration it slipped and came in contact with the knives which cut off three fingers.

Plaintiff in error contends that because the jointer was a dangerous power driven machine having its knives unguarded and unprotected, the defendant in error under section 89 of chapter 48 of Hurd's Statutes (1909) was guilty of negligence; while defendant in error contends that a violation of section 89 was not actionable negligence until the factory inspector had notified the owner or operator to remedy the unsafe condition pursuant to section 93 of the same chapter. We cannot agree with the contention of defendant in error but hold that it is actionable negligence to operate a dangerous power driven machine, not properly enclosed or otherwise guarded, and that the only effect of section 93 is to render the owner or operator liable to the statutory penalty after failure to comply with a notice from the inspectors.

None of the counts charge wilful negligence on the part of the defendant in error. The act to provide for the health and safety of employes in factories and workshops only provides that a violation of the act shall render the parties violating it subject to a penalty. It does not make any violation wilful, or give

to the party injured by the violation of the act a right of action for the injury, freed from the defenses of assumed risk, contributory negligence and fellow servants, which could not be interposed if the negligence was wilful, as in the case in the Mines and Miners Act and the Railroad Safety Appliances Act. If the injury to defendant in error was caused by either an assumed risk, contributory negligence or the negligence of a fellow servant, then he cannot recover. Browne v. Seigel Cooper Co., 191 Ill. 226.

Counsel for plaintiff in error, on page 14 of their argument, admit the injury to plaintiff in error was caused by the act of a fellow servant. They say: "The first moving cause which produced the injury, was the interference with plaintiff in error by a fellow workman bumping into him either with his body or with a plow beam." This would appear to be an admission that the plaintiff in error was injured by the negligent act of a fellow-servant.

The evidence of plaintiff in error shows that the risk of injury to plaintiff in error if he should touch the knives of the jointer was obvious, open and apparent, and that he knew the danger and risk. He was a workman experienced in working with dangerous machinery, and, knowing the danger, must be held to have assumed the risk. I. C. R. R. Co. v. Fitzpatrick, 227 Ill. 478; Browne v. Seigel Cooper Co., 191 Ill. 226; Harrington Mfg. Co. v. Arendell, 135 Ill. App. 406.

The evidence of plaintiff in error conclusively shows that he knew and understood the condition of the machine with which he was working, and that he knew and understood the danger of operating it in the condition it was with the knives unguarded. In such case there was no question of fact to be submitted to a jury; it was a question of law on undisputed facts, and it became the duty of the court to direct a verdict.

Knox v. American Rolling Mills Co., 236 Ill. 437; C. &
E. I. Ry. Co. v. Heerey, 203 Ill. 492; Harrington Mfg.
Co. v. Arendell, 135 Ill. App. 406. There was no error
in the court in instructing a verdict for defendant in
error. The judgment is affirmed.

*Affirmed.*