## Alexander Odett, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 15,943.

1. NEGLIGENCE—*when doctrine of imputed, does not apply.* The negligence of a driver is not to be imputed to a companion riding with him. The latter must, however, in order to recover for an injury occasioned by the conduct of a third party, show that he was not guilty of negligence.

2.  CONTRIBUTORY NEGLIGENCE—*how question determined.*    The question of contributory negligence is ordinarily one of fact for the jury to determine.

3.  VERDICTS—*when set aside as against the evidence.*    A verdict which is against the clear preponderance of the evidence will for that reason be set aside on review.

4.  TRIAL—*when conduct of counsel improper.*    Conduct of counsel consisting in arguing with the court in such a way as improperly to influence the jury, in insulting witnesses, and in unjustifiably holding them up to ridicule, is improper.

5.  INSTRUCTIONS—*must not assume existence of imminent danger.* Where one of the issues in the case is as to whether or not the plaintiff was in imminent danger immediately before his injury, it is error in instructing the jury upon the exercise of ordinary care by the plaintiff, to assume the existence of imminent danger at such time.

6.  INSTRUCTIONS—*essential elements where concludes with direction.* If an instruction concludes with a direction to the jury to render a particular verdict, it must contain all the elements appropriate to the rendition of such a verdict.

Action in case for personal injuries.    Appeal from the Superior Court of Cook county; the HON. ARTHUR H. CHETLAIN, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded.    Opinion filed November 28, 1911.

EDWARD C. HIGGINS and C. LEROY BROWN, for appellant.

JOHNSON & BELASCO, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

This case is for the recovery of damages for personal injuries claimed to have been received October 17, 1905, in a collision at the intersection of Wabash avenue and Hubbard court, in the city of Chicago, between a cable car of appellant and an ice wagon in which appellee was riding with the driver.

There was a verdict of a jury in favor of the appellee for $2,000.    This appeal is from a judgment entered on such verdict.

It appears that the ice wagon at the time of the accident was empty. It was drawn by two horses, and weighed about 4,300 pounds. The body of the wagon was thirteen or fourteen feet long. The front seat was about eighteen inches from the floor of the wagon, and over the seat was a top with a window on each side. The driver testified that the top was no obstruction to the view of the car, and that one sitting on the seat could see either way without leaning forward at all.

Three witnesses testified on behalf of the plaintiff, who is the appellee here, namely, the plaintiff himself, the driver of the wagon, whose name is Eldridge, and another teamster named Crawford.

Eldridge and Odett testified that they looked towards the north and saw the car about 200 feet away (Odett says 150 or 200 feet); that the train was then coming rapidly; that Eldridge slapped his horses with the lines but did not hurry them into a trot, and that the grip-car struck one of the rear wheels of the ice wagon. The plaintiff testified that when the car hit the wagon the horses turned northeast and that the train, which had been, as he says, running at the rate of twelve miles an hour, did not stop until it had entirely cleared Hubbard court. Witness Crawford did not agree with the other two witnesses with respect to the distance. They testified that when the horses started to go upon the track the train was about 200 feet away from the point of collision. Crawford testified that it was about 25 feet away.

Five witnesses testified in regard to this matter on behalf of the defendant, the appellant here. One of them was the gripman; the other four were not connected with the appellant. Their testimony is to the effect that the train was approaching Hubbard court slowly, at the rate of five or six miles an hour; that the gripman rang his gong at the proper time; that the ice wagon was slowly approaching the same inter-

section from the west; that when the car was about ten feet north of the north cross-walk the teamster suddenly turned his horses to the northeast and drove diagonally across the track, cutting in ahead of the car near the north cross-walk.

On the other hand, the three witnesses for the plaintiff testified that the team proceeded straight across Hubbard court in about the middle of the court.

We are asked to reverse the judgment in this case because, as asserted, the verdict is against the manifest preponderance of the evidence, both as to the negligence of the Railway Company and the contributory negligence of the appellee; secondly, because plaintiff's counsel was guilty of prejudicial misconduct on the trial, and improper examination of witnesses was allowed; thirdly, because the court erred in instructing the jury.

We agree with the appellee that the negligence of a driver is not to be imputed to a companion riding with him. West Chicago St. R. R. Co. v. Dougherty, 209 Ill. 241. The latter must, however, show that he was himself not guilty of negligence. Flynn v. Chicago City Ry. Co., 250 Ill. 460. Whether or not he was guilty of such contributory negligence is ordinarily a question of fact for the jury to determine. The conduct of a driver, however, in such a case as the one before us is an important matter to be considered by the jury as bearing upon the question as to whether or not the employes of the party sought to be held for the injuries received were guilty of negligence. If the driver of a vehicle indicates, in a case like the present, that he does not intend to cross the track, but to give the right of way to the cars upon the track, then the one managing the cars would not necessarily be guilty of negligence if he made no effort to stop. He would have the right to assume that the driver of the vehicle would not turn his team onto the track suddenly and directly in the path of the cars. The conduct of the

driver in suddenly turning his team onto the track would not be negligence in itself imputable to the companion who was injured, but it would have, as heretofore stated, a most direct and important bearing upon the question as to whether or not the employes of the railway company were guilty of negligence. All these circumstances are proper matter for the jury to pass upon in determining the issues in the case under proper instructions.

There is great force to the argument of appellant that if the team was going at the rate of four or five miles an hour, as testified to by appellee's witnesses, and the car at the rate of ten or twelve miles an hour, and if the car was about 150 or 200 feet from the point where the collision occurred when the team started to cross the track, it would have been a physical impossibility for the car to collide with the wagon, whether the wagon was proceeding in an easterly or northeasterly direction. Going at their respective rates of speed, the wagon would have covered at least one-third the distance covered by the grip-car in the same length of time, and thus the wagon would have completely cleared the track before the grip-car reached the point where the collision occurred. It would seem, therefore, that the car at the time the team started to cross the track was, as testified to by one of appellee's witnesses and all of the witnesses for the appellant who testified upon the subject, 25 feet or less from the point where the collision occurred.

We have carefully considered the testimony contained in the record, and while we are of the opinion that the court did not err in submitting the case to the jury, we think a new trial should have been granted by the court on the ground that the clear preponderance of the evidence was not with the plaintiff. Donelson v. East St. Louis Ry. Co., 235 Ill. 625.

Great complaint is made by the appellant on account of the alleged misconduct of counsel for appellee

in the trial of the case.   The charge is made that he did not obey the instructions of the court, but argued with the court on some matters in a manner which was obviously for the purpose of influencing the jury and not of converting the court to his view of the point at issue.   Counsel is also charged with insulting a witness during a wordy controversy with counsel for the appellant in regard to certain questions propounded to the witness.   He is also charged with holding the witness up to ridicule; and it is asserted that the court did not properly restrain counsel for appellee in this regard.   We think there is much in the record to indicate that the complaint of the appellant is well founded.   Such conduct has often been held reversible error. Wabash R. R. Co. v. Billings, 212 Ill. 37; Chicago & Alton R. R. Co. v. Scott, 232 Ill. 419; Atchison vs. McKinnie, 233 Ill. 106.

The fourth instruction given to the jury at the request of appellee is as follows:

"4.   If you find from the evidence plaintiff was in the exercise of ordinary care, and that the car of the defendant which struck the wagon could have been stopped by the gripman of the defendant in charge of the car, by the exercise of ordinary care on his part, in time to prevent injuring the plaintiff after he, the gripman, became aware or might have become aware by the exercise of ordinary care of the plaintiff's imminent danger of being struck by said car, then you should find the defendant guilty."

We think this instruction erroneous for several reasons, among others that it assumes that the plaintiff was in imminent danger of being struck by the car. This was one of the questions to be determined by the jury in arriving at its verdict.   As it happened, the wagon was not upset, and probably the appellee would not have been injured if he had remained in his seat. He, however, apparently became alarmed and undertook to jump from the wagon.   As he was doing so his

foot caught upon a rail of the wagon and he was thrown upon the street. Whether his foot was so caught because of the collision is not entirely clear in the record. Inasmuch as the instruction directs a verdict, it should have included in it all the essential elements necessary to be shown in order to warrant a recovery by the plaintiff. The assumption of the existence of a material controverted fact is error. Chicago & Alton R. R. Co. v. Sanders, 154 Ill. 531; Sugar Creek Mining Co. v. Peterson, 177 Ill. 324.

For the reasons stated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*