# Fannie Kinney, Appellee, v. Village of Harlem, Appellant.

## Gen. No. 16,060.

1. TRIAL—*when conduct of counsel not ground for reversal.* The asking of a question with reference to an alleged offer of compromise will not reverse where objection thereto is promptly sustained by the court.

2. INSTRUCTIONS—*when upon ordinary care not erroneous. Held,* that the requirement of a particular instruction complained of that the plaintiff should have been in the exercise of due care at the time of the accident and as charged in the declaration, did not limit the necessity of the exercise of due care within too narrow a compass.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed on *remittitur.* Opinion filed January 17, 1912. *Remittitur* filed January 26, 1912.

MARTIN W. GROSSE, for appellant; PARKER & RIGHEIMER, of counsel.

DONALD H. McGILVRAY, for appellee; WARREN PEASE, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant in the Circuit Court for $1,650, as damages for personal injuries alleged to have been occasioned by the negligence of appellant in maintaining an unsafe and dangerous sidewalk.

Appellee was injured on October 14, 1903, while walking upon a plank sidewalk on the west side of Beloit street between Cleveland and Madison streets. That she was caused to fall by the tipping of a loose plank in the walk does not admit of doubt. There is

some controversy in the evidence bearing upon the condition of the walk. If the testimony of the witnesses, called on behalf of appellee, is true, the sidewalk in question was unsafe and out of repair, and had been in that condition for a sufficient length of time to charge appellant with constructive notice of such condition. On behalf of appellant several witnesses testified that the walk had been rebuilt in 1902, and that at the time appellee was injured the planks and stringers were sound and well fastened. The record discloses, however, that Jacobs, the street commissioner employed by appellant, had no difficulty in finding the loose plank, which caused appellee to fall, immediately after she was injured.

The case was tried in March, 1909, and the record discloses that most of the witnesses, who testified for appellant as to the condition of the walk in 1903, had not had their attention called to the subject until within a few days before the trial. In view of this circumstance, the jury were doubtless of the opinion, as we are, that the recollection of appellant's witnesses was somewhat faulty, with respect to the condition of the walk five years and a half prior to the trial. The verdict is not against the manifest weight of the evidence, either as to the negligence of appellant or as to the exercise by appellee of due care for her own safety.

It is urged that appellant was prejudiced by the conduct of counsel for appellee in asking appellant's witness, Schwass, whether he saw appellee and asked her to accept $1,500 in settlement of her claim. Objection to this line of examination was promptly sustained by the court, and the testimony of the witness disclosed that he did not get an opportunity to talk with appellee. The incident does not require a reversal of the judgment.

The first instruction given at the instance of appellee is not subject to the criticism urged. The declaration

alleges that appellee was in the exercise of due care while passing on and upon the walk. The requirement in the instruction that appellee should have been in the exercise of due care at the time of the accident, and as charged in the declaration, did not limit the necessity of the exercise of due care by her within too narrow a compass. Peterson v. Chicago Trac. Co., 231 Ill. 324; Knox v. American Rolling Mill Corp., 236 Ill. 437; Krieger v. A., E. & C. R. R. Co., 242 Ill. 544. The doctrine of assumed risk has no place in the case.

The second instruction given at the instance of appellee is without fault. The instruction expressly requires that the injury complained of should have resulted from the unsafe condition of the sidewalk. The third instruction given at the request of appellee does not direct a verdict, and states the law with substantial accuracy. The instructions tendered by appellant and refused by the court were properly refused. Some were covered by other instructions given to the jury; some were inapplicable to the case, and some contained inaccurate statements of the law.

It is claimed by appellee that, as a result of appellant's negligence, she sustained a permanent injury to her spine, but a clear preponderance of the evidence refutes such claim. The damages awarded by the jury for the injuries actually sustained are manifestly excessive. If appellee will remit $650 from the judgment, it will be affirmed for $1,000; otherwise the judgment will be reversed and the cause remanded.

*Affirmed if remittitur accepted; otherwise reversed and remanded.*

*Remittitur* filed and judgment affirmed January 26, 1912.