## Mary Mayzels, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 16,959.

1. CARRIERS—*stopping car where dangerous to alight.* In an action for injuries sustained by plaintiff in falling while alighting at nighttime from a car which had been stopped on a temporary track, before the exit step was opposite to a platform used during repairs, where the step was twenty-eight inches above the pavement, the jury might properly find the failure to move the car so as to place the exit alongside such platform before permitting passengers to alight constituted negligence, and that plaintiff was not guilty of contributory negligence.

2. EVIDENCE—*location of car after accident.* Where no testimony has been given or is promised that a car had not been moved after an accident and before a witness saw it, a question of such witness, where the car was when he saw it, is properly refused.

Mayzels v. Chicago City Ry. Co., 177 Ill. App. 534.

3. INSTRUCTIONS—*referring to entire declaration when some counts not proved.* Where there is no evidence to support certain counts in the declaration, the giving of an instruction stating, "as alleged in the declaration," is not error, as the defendant may ask for a charge defining the issues under the counts.

4. INSTRUCTIONS—*erroneous but not misleading.* Error in instructing a jury, when they are not believed to have been misled thereby, is not reversible.

5. CARRIERS—*instructions.* Instructions given to the jury on the facts in this case, as to duties and liabilities of street railroad companies *held* proper.

6. DAMAGES—*not excessive.* $3,000 damages to a woman who sustained a broken leg, was confined to her bed for two months, wore a plaster cast for two months more, and has not entirely recover d, will not be set aside as excessive.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 4, 1913.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

CRUICE & LANGILLE, for appellee; DANIEL L. CRUICE, A. S. LANGILLE and O. J. C. WRAY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff, a passenger in a street car of the defendant running north in Wabash avenue, fell and was injured in alighting from the car at 12th street. In an action on the case against defendant on the ground that she fell because of the negligence of defendant, plaintiff had judgment for $3,000 and defendant appealed. Because of certain repairs to its tracks in the vicinity of 12th street defendant had constructed and at the time of the accident was using temporary tracks made of rails placed on ties laid on the pavement of the avenue. The east rail of the east track was two feet west of the curb line of the avenue. In the space between the east rail and the east curb line

planks closely fitted together were laid for a distance of sixty feet north from the north curb line of 12th street, making a platform on which passengers on north-bound cars, which were intended to stop at the north side of 12th street, could step in alighting from a car. This platform was level with the rails and with the curb. The ties were about eight inches thick and the rails three inches high, making the distance from the top of the rail to the pavement eleven inches. The height of the lower step of the car from the rails was seventeen inches. The height of the lower step of the car from the pavement was therefore twenty-eight inches. Plaintiff was a passenger on a north-bound car running on the east track and notified the conductor that she wished to stop at 12th street. The rear platform of the car, over which plaintiff attempted to leave the car, was five and a half feet long, divided into two parts by a curved rail. The entrance to the car was back of the rail and forty inches wide. The exit was next to the body of the car and was a little over two feet wide. There was an upright rod at the outer end of the curved rail extending from the floor to the roof, and a rod or bar attached to the end of the car for passengers to take hold of in alighting from the car. As the car approached 12th street the conductor gave the signal to stop and the car was stopped. The place where it was stopped, with reference to the south end of the paltform, is one of the controverted questions in the case. We think that from the evidence the jury might properly find that when the car was stopped the whole of the rear platform of the car was south of the planking or platform; that just before the car stopped the conductor told plaintiff that this was 12th street and to get off there; that at the place where the car was stopped there was nothing for plaintiff's foot to step or rest on above the pavement, which was twenty-eight inches below the step of the car; that when the car stopped the conductor opened the exit door and plaintiff passed through it onto the rear

platform and thence down to the lower step of the car, holding to the handle bar at the rear of the car with her left hand and holding in her right an umbrella and pocketbook; that she then stepped down with one foot and when it did not reach the ground so soon as she expected, she attempted to get back on the car by pulling herself up, but was unable to do so or to support herself longer by her hand and was compelled to let go her hold on the handle bar and fell to the pavement, and was injured.

The negligence alleged in the fourth additional count is that when the car was stopped at or near the intersection of 12th street and Wabash avenue its rear entrance was not opposite or adjacent to the platform, approach and place to alight, but was away from, off and not opposite said platform; that when appellee was required to alight it was dark and in the absence of proper light she could not see and discover that such entrance was not opposite and adjacent to the platform, and while getting off she fell upon the ground and away from and off of said platform. That alleged in the fifth additional count is that the car was stopped with its rear entrance not opposite or adjacent to the platform; that when it came to a standstill that she and others might alight, appellant's servants announced the station and place to alight; that it was dark and, in the absence of proper light she could not see that the rear end of the car was not opposite the platform and in getting off fell to the ground away from the platform. That alleged in the seventh additional count is that on the arrival of the car at 12th street and at the platform it was carelessly and negligently stopped away from and not opposite the platform; that when she was required to alight it was dark, and, in the absence of proper light she did not and could not discover that fact, and while, with due care, she was getting off and on the ground she fell and swayed from and off the platform.

We think that from the evidence the jury might also properly find that the defendant was guilty of the negligence alleged in the declaration. While it may not be possible for a motorman to always stop his car at the precise place he intends to stop it, it is always possible, after the stop is made, to move the car forward or backward, and we think the jury might properly find that the care the defendant was bound to take of its passengers required the defendant, when the car was stopped, to observe and know that the car had been stopped before the step provided for use in leaving the car was alongside of the platform and to move the car forward until the step was alongside of the platform before passengers were invited or even permitted to leave the car by such step, and that the failure to do so constituted and was negligence. We also think that the jury might properly find that the plaintiff was not guilty of contributory negligence. The accident happened at ten o'clock at night, and while there were lights we cannot say that the failure of plaintiff to observe that the distance between the step and the pavement was so great that she could not reach the pavement with one foot while the other was on the step, was negligence. The contention of appellant that the trial court erred in refusing to grant a new trial on the ground that the verdict was contrary to the evidence, cannot on the evidence in this record be sustained.

Appellant complains of only one ruling on evidence. Plaintiff, after her injury, was taken to a drug store and afterward to a doctor's office. Bindell, the first witness called by the defendant, testified that he did not see plaintiff fall; that when he got there they were carrying her upstairs to the doctor. He was asked where the rear end of the car was with reference to the north line of 12th street when he saw it, and the court sustained plaintiff's objection to the question. Up to that time no testimony that the car was not moved between the time of the accident and the time plaintiff was taken to the doctor's office had been given and

there was no offer or promise to show that it had not been moved. Such testimony was given afterwards, but the witness was not recalled. We think that in view of the evidence given before the question was asked, the objection to the question was properly sustained.

The appellant further contends that the giving of each of the following instructions for the plaintiff was error:

"25. You are instructed that if you believe from the evidence that the defendant stopped its trains for passengers to alight at 12th street and Wabash avenue, in the city of Chicago, at a place which was unsafe and dangerous for passengers to alight, and that the plaintiff was told or encouraged to get off at such place, and while so doing she was injured, then the defendant would be liable and the verdict should be for the plaintiff, if she did not contribute to the accident by want of ordinary care or by failure to observe ordinary care.

27. You are instructed that it is the duty of a carrier of passengers to provide and keep the landing places and platforms used by it for discharging passengers from its vehicles and all passageways leading to and from such places in a reasonable and safe condition for the purposes intended; and for any violation of its duty in this respect, which entails injury upon a passenger, without fault on his part, the carrier will be answerable in damages.

28. You are instructed that a carrier of passengers is bound to exercise the highest degree of care for the safety of its passengers, reasonably consistent with the practical operation of the road and the character and mode of the conveyance adopted; if you believe from the evidence that the plaintiff became a passenger of the defendant, and that the defendant did not exercise the degree of care and caution for the safety of the plaintiff as stated herein, and the plaintiff was injured, as alleged in the declaration, because of the failure of the defendant to exercise the degree of care and caution required as stated herein, and if you fur-

ther believe that the plaintiff was in the exercise of reasonable care for her own safety at the time of the injury, then you should find the defendant guilty.

29. You are instructed that if you believe from the evidence that the plaintiff, Mary Mayzels, was in the exercise of ordinary care for her own safety, and was injured by the negligence of the defendant, Chicago City Railway Company, so charged in the declaration, then you should find the defendant guilty."

The contentions that instructions 25 and 28 limited the exercise of care by the plaintiff to the time of the injury, irrespective of her conduct in placing herself in a position to be injured, canont be sustained. The language of both instructions includes the whole occurrence. Knox v. American R. M. Corp., 236 Ill. 437; Krieger v. Aurora E. & C. R. Co., 242 Ill. 544. Appellant further contends that it was error to give instructions 28 and 29 because there is no evidence to support certain counts of the declaration. It has been often held in this state that it was not error to give such instructions. Chicago City Ry. Co. v. Foster, 226 Ill. 288, and cases there cited. In this case, as in the Foster case, no instructions were asked by appellant defining or explaining the issues under the averments of the declaration or any count thereof. An objection urged to instruction 25 is, that it in effect told the jury that if plaintiff did not contribute to her injury by want of ordinary care she might recover, although she was not *required* to alight at the point where the car stopped and the place where she attempted to alight was so sufficiently lighted that she might have seen that it was dangerous to alight at such place. The averments of the declaration do not mean that the plaintiff was required against her will to alight from the car. She averred and testified that she intended to leave the car at 12th street and that the conductor saw that the car was at 12th street. If by the exercise of ordinary care she could have seen that it was unsafe and dangerous for her to alight from the car where it stopped,

then, in attempting to alight from the car at that place, she was not exercising ordinary care; but the instruction in question only authorized a verdict for the plaintiff if "she did not contribute to the accident by want of ordinary care or by failure to observe reasonable care." We do not think that instruction 27 should have been given. Plaintiff was injured, according to her contention, not because the platform was not in a reasonably safe condition, but because the car was stopped before it reached the platform provided for passengers to alight on; but we do not think that the jury were misled by the instruction or that the judgment should be reversed because it was given.

The evidence for the plaintiff tends to show that the fibula was fractured near the ankle, that the astragalus was injured and the muscles and tendons near the point of fracture torn apart; that she had not fully recovered from her injuries at the time of trial; that she was still lame and suffered pain as the result of her injury; that she was confined to her bed two months and afterwards wore a plaster cast nearly two months. The evidence for the defendant tends to show that no bone was fractured. We cannot say that the jury might not take as true the testimony of plaintiff and her witnesses as to the nature, extent and results of her injuries, nor that if they did so, that the damages awarded her are excessive.

The record is, we think, free from reversible error and the judgment is affirmed.

*Affirmed.*