# Anna Christensen, Defendant in Error, v. Charles E. Johnston and Caroline Johnston, Plaintiffs in Error.

## Gen. No. 22,147.

1. HUSBAND AND WIFE, § 76*—*when husband is liable for torts committed by wife.* Under Rev. St. ch. 68, sec. 4 (J. & A. ¶ 6141), for all civil injuries committed by a married woman, damages may be recovered against her alone and her husband is not responsible therefor except in cases where he would be jointly responsible with her if the marriage did not exist.

2. TORTS, § 23*—*when tort feasors are jointly liable.* In order that tort feasors may be jointly liable, there must be some sort of community in the wrongdoing, and the injury must in some way be due to their joint work, but it is not necessary that they be acting together or in concert if their concurring negligence occasions the injury.

3. AUTOMOBILES AND GARAGES—*what degree of care to avoid collision required of passenger in car.* A husband who is a passenger in an electric automobile owned and driven by his wife is not ordinarily required to exercise the same diligence to avoid a collision with a motorcycle that his wife, the driver of the car, is.

4. AUTOMOBILES AND GARAGES—*when evidence is insufficient to show negligence of passenger in car.* In an action by a woman who was riding on the rear seat of a motorcycle against the owner and driver of an electric automobile and her husband jointly, to recover for injuries due to a collision due to the motorcycle, which was approaching from the south and rear, colliding with the automobile as it turned east at a street intersection, where it appeared that as the front of the automobile turned to the right the husband saw the motorcycle coming and called out sharply "look out" and then his wife turned the head of the car a little west and north, evidence *held* insufficient to show that the husband was negligent.

5. APPEAL AND ERROR, § 1793*—*when judgment must be reversed as to both defendants sued jointly.* Where a judgment is erroneous as to one of two defendants sued jointly, it must be reversed as to the other also.

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed July 11, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCVII 14

BROWN & PRUITT, for plaintiffs in error.

WALTER S. HULL and WALTHER & LANAGHEN, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is a writ of error brought by the plaintiffs in error, Charles E. Johnston and Caroline Johnston (hereinafter designated defendants), to review a judgment of the Municipal Court awarding $750 damages to the plaintiff (Anna Christensen, defendant in error) for injuries received by her May 30, 1912.

From the evidence it appears that the defendants, husband and wife, together with Alice Hurd, a nurse, were riding north on the east side of Rush street, Chicago, in an electric automobile being driven by the defendant Mrs. Johnston. Behind, and to the right of the automobile, the plaintiff was riding upon the rear seat of a motorcycle, which latter was owned and being driven by one Martin Christensen. The accident took place at the southeast corner of Rush street and Ontario street, although there is some testimony that it was at the intersection of Rush and Erie streets.

The theory of the plaintiff is that when the electric automobile approached the intersection of Rush and Ontario streets it suddenly turned to the right, towards the east, no warning being given, and in doing so ran into the motorcycle, or caused the motorcycle to run into the curb, by reason of which the plaintiff was thrown and injured; that the conduct of the defendants was in violation of a city ordinance. On the other hand, the theory of the defendants is that the motorcycle came up with great speed from behind and attempted to pass the machine on the right side, between it and the east curb, and that the accident was caused not by any negligence on the part of the driver

of the automobile or by reason of any violation of an ordinance, but by the negligence of the driver of the motorcycle, in attempting to pass the automobile at a high rate of speed and on the wrong side of the machine.

The jury found both defendants (husband and wife), Charles E. Johnston and Caroline Johnston, guilty, and assessed the damages at $750 in tort. One of the contentions of the plaintiffs in error is that the verdict against the defendant Charles E. Johnston, the husband, is not supported by any evidence; that there was no cause of action proven against him. On the other hand, it is claimed by the defendant in error that the automobile was owned jointly by the defendants and was being used by them for a common purpose, that is, to take home a guest who had been visiting with them, and that defendants were jointly liable. The evidence shows that the electric automobile was bought for Mrs. Johnston, for her use; that it was paid for out of their joint funds; that Mrs. Johnston was the only one that drove the car at any time; that her husband had never even tried to drive it. The testimony of Mrs. Johnston is that her husband made her a present of the car. At the time of the accident there were in the automobile Mr. and Mrs. Johnston and Alice Hurd. Mrs. Johnston was sitting on the left-hand side of the car and driving it. Mr. Johnston was sitting at the right of Mrs. Johnston and Alice Hurd was sitting in front, facing south. Mr. Johnston testified that as the front of the automobile turned to the right he saw the motorcycle coming, and he called out very sharply "look out"; that then Mrs. Johnston turned the head of the car a little west and north.

Of course it is the law in this State (section 4, ch. 68, Rev. St., J. & A. ¶ 6141) that "for all civil injuries committed by a married woman, damages may be recovered from her alone, and her husband shall not be

responsible therefor, except in cases where he would be jointly responsible with her, if the marriage did not exist.''

In order that tort feasors may be liable jointly, it has been said that ''there must be some sort of community in the wrongdoing, and the injury must be in some way due to their joint work; but it is not necessary that they be acting together or in concert if their concurring negligence occasions the injury.'' *Strauhal v. Asiatic Steamship Co.*, 48 Ore. 100. In the instant case it is difficult to discover anything, in any way, omission or commission, constituting negligence on the part of the husband. He omitted no duty. He did all that reasonably could be expected of him under the circumstances. The evidence does not in any way tend to show that he failed to do his full duty as a prudent man, under the circumstances. The law is not so unreasonable as to require a passenger to exercise the same quality of diligence as that of a driver.

As stated by Mr. Justice Thayer, in *Clarke v. Connecticut Co.*, 83 Conn. 219:

''What conduct on the passenger's part is necessary to comply with his duty must depend upon all the circumstances, one of which is that he is merely a passenger having no control over the management of the vehicle in which he is being transported. Manifestly, the conduct which reasonable care requires of such a passenger will not ordinarily, if in any case, be the same as that which it would require of the driver. While the standard of duty is the same, the conduct required to fulfil that duty is ordinarily different because their circumstances are different.'' *Odett v. Chicago City Ry. Co.*, 166 Ill. App. 270; *Flynn v. Chicago City Ry. Co.*, 250 Ill. 460.

Of course whether or not the defendants co-operated in the doing of an illegal act, and were together jointly liable for negligence, was a matter for the jury, and the jury were at liberty to find in favor of one and against the other, or for or against both. In this case

the verdict was against both, but as the evidence, in our opinion, did not tend in any way to show negligence on the part of defendant Charles E. Johnston, the verdict as to him, that he was guilty of negligence, is clearly and manifestly against the weight of the evidence. Having reached that conclusion, the question then arises whether the judgment can be sustained as to the other appellant, Mrs. Johnston. In *Seymour v. O. S. Richardson Fueling Co.*, 205 Ill. 77, the court said:

"An entire judgment against several defendants cannot be affirmed as to one and reversed as to the others. (*Hays v. Thomas*, Breese, 180.) Where the judgment is entire, there must be a total affirmance or reversal."

And in *West Chicago St. R. Co. v. Morrison, Adams & Allen Co.*, 160 Ill. 288, the court said:

"It is also a rule applicable to trespass, as well as to all other actions at law, either for torts or upon contracts, that the judgment is a unit as to all the defendants against whom it has been rendered and cannot be reversed as to one or more and affirmed as to the others, but if erroneous as to one is erroneous as to all."

It follows, therefore, that as the judgment of the lower court is against both defendants, one of which we find is not liable, the judgment must be reversed. There is grave doubt whether there is sufficient evidence of the negligence of the defendant Mrs. Johnston, unless she was guilty of violating a city ordinance. That, however, is a subject which the plaintiff is entitled to have considered by another jury. Whether or not the evidence in this record would support a judgment against the defendant Mrs. Johnston alone, is a matter which, of course, we are not entitled now to consider.

Inasmuch, therefore, as the judgment against the defendant Charles E. Johnston was clearly and manifestly against the weight of the evidence, and as the

judgment against the defendants cannot be affirmed as to one and reversed as to the other, the judgment in this cause is reversed and the cause remanded.

*Reversed and remanded.*