## Lucetta McCoy *vs.* Walter H. Frutiger.

JANUARY 22, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, and Condon, JJ.

CAPOTOSTO, J. This case is before us on plaintiff's exception to a decision of the superior court sustaining a substantial demurrer to her second amended declaration.

The plaintiff brought an action of trespass on the case for negligence against the defendant for injuries that she claims to have suffered in a collision between two automobiles at a street intersection in the city of Providence. The declaration is in two counts. In each count it is alleged that the plaintiff was a passenger in one automobile and that the defendant was "the owner of another certain automobile in which he was riding as a passenger and seated in the front seat immediately next to the operator thereof."

The first count, after alleging that it was the duty of the defendant to exercise reasonable care not to injure the plaintiff, charges that when the defendant "saw, or by the exercise of due care should have seen, that his automobile did not slow down and proceed with caution," he negligently failed to give the operator reasonable warning or order to slow down. The second count is the same as the first with the exception that the defendant is charged with negligently failing to turn off the ignition or to apply the emergency

brake when he "saw, or should have seen" that the automobile was not under control. The defendant demurred to this declaration on three specific grounds, all to the effect that the declaration failed to charge the violation by the defendant of any legal duty owed by him to the plaintiff.

Both counts of the declaration show a studied effort to avoid stating whether the driver of the automobile at the time of the collision was the servant or agent of the defendant. In the argument before us, however, counsel for the plaintiff admitted that the declaration was open to the construction that the operator of the automobile was the servant or agent of the defendant and that this was a fact. His contention was that, irrespective of the doctrine of *respondeat superior*, an owner, who happens to be riding in his car at the time of an accident, is directly liable for the consequences if he fails to direct his driver or omits to do some act or thing that he should have done were he himself operating the automobile, when he "saw, or by the exercise of due care should have seen," the danger that threatened. The sustaining of this declaration on the contention urged by counsel for the plaintiff would, in effect, constitute an owner-passenger a lookout for the driver and a joint operator of the automobile at all times.

We are unaware of any rule of law that supports any such view, and counsel for the plaintiff has not submitted to us any authority that supports it. It does not commend itself to our judgment. The plaintiff relies mainly upon *Christensen* v. *Johnston*, 207 Ill. App. 209, where a husband, who was riding as a passenger in an automobile driven by his wife, was sued on some theory of concurrent negligence. The ground upon which that decision rests is not clear, yet even in that case the court refuses recovery and says: "The law is not so unreasonable as to require a passenger to exercise the same quality of diligence as that of a driver." We feel that this language is applicable to the case of an owner-passenger, who, for all that appears, has entrusted the operation of his automobile to a competent driver. The

494

rights of any person who is injured or suffers damage in the ordinary case, through the negligent operation of an automobile by a servant or agent of the owner, are adequately protected by holding the owner-passenger liable for the negligence of his driver under well established principles of law.

The plaintiff's exception is overruled and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker*, for plaintiff.

*Henry M. Boss, Jr., Herbert Tiemann, Francis W. Conlan*, for defendant.