## E. M. Fredericks, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

## Gen. No. 23,096.

1. STREET RAILROADS, § 131*—*when evidence sufficient to sustain findings as to negligence on part of motorman.* In an action by a passenger in an automobile against a street railroad company to recover damages for personal injuries sustained as the result of the collision of a street car with the automobile, evidence *held* sufficient to sustain findings that either the joint negligence of the driver of the automobile and the motorman caused the accident or that it was not caused by any negligent act or conduct on the part of the motorman or other servant of defendant in charge of the colliding car.

2. STREET RAILROADS, § 142*—*when instruction on duty of motorman approaching street intersection is proper.* In an action against a street railroad company to recover damages for injuries to plaintiff sustained while a passenger in an automobile, as the result of a collision of the automobile with a street car, an instruction that it was the duty of the motorman to exercise ordinary care in approaching the street's intersection and that if the jury believe that he did operate his car with ordinary care then, under those circumstances, all the law required of him was to do all that was reasonably possible to avoid the accident after he had become apprised, or, in the exercise of reasonable care, could have become apprised, of the approach °of the automobile towards the street car tracks, *held* proper.

3. STREET RAILROADS, § 144*—*when instruction on contributory negligence of occupant of automobile struck by street car is correct.* In an action by a passenger in an automobile against a street rail-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

road company to recover damages for personal injuries sustained as the result of a collision of the automobile with one of defendant's street cars, an instruction that the law will not permit one carelessly and negligently to bring upon himself an injury and then recover damages because of the concurrent negligence of some other person, and that if plaintiff knew of the approach of the car, or by the exercise of ordinary care and caution could have known of the approach thereof, and he, notwithstanding, rode upon the street car tracks and was thereby injured, and that in so doing, if he did so, he failed to exercise ordinary care and caution for his own safety just before and at the time of the alleged injury, which failure proximately contributed to cause the injury, a verdict should be returned for defendant, *held* to be correct.

4.  STREET RAILROADS, § 144*—*when instruction on right of recovery for personal injuries where occupant of automobile struck by car is negligent is correct.*  In an action by a passenger in an automobile to recover for personal injuries sustained in a collision with one of defendant's street cars, an instruction that if the jury believed from the evidence that the motorman was guilty of negligence as charged in the declaration and that if the plaintiff, by using his faculties with ordinary and reasonable care in looking out for danger, could have avoided the accident and he negligently failed to do so, and such negligence caused or proximately contributed to cause the injury, then plaintiff could not recover, *held* to be correct.

5.  STREET RAILROADS, § 91*—*what care required of passenger in automobile struck by street car.*  A passenger riding in an automobile and sustaining injuries as the result of a collision with a street car cannot recover damages from the street railroad company unless he exercised due care for his own safety at the time of and immediately preceding the accident.

6.  STREET RAILROADS, § 135*—*when exercise of due care by passenger in automobile struck by car is question for jury.*  In an action by a passenger in an automobile against a street railroad company to recover damages for personal injuries sustained as the result of a collision between the car and automobile, *held* that it was a question for the jury whether plaintiff exercised due care for his own safety.

7.  STREET RAILROADS, § 131*—*when evidence sustains finding of lack of due care on part of passenger in automobile struck by car.*  In an action by a passenger in an automobile against a street railroad company to recover damages for personal injuries sustained as the result of a collision with one of defendant's cars, evidence *held* sufficient to sustain a finding that plaintiff did not exercise due care for his own safety.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. NEGLIGENCE, § 112*—*when negligence of driver of automobile not imputed to passenger.* The negligence of the driver of an automobile cannot be imputed to a person riding with him as a passenger.

9. STREET RAILROADS, § 111*—*when burden of showing lack of contributory negligence of passenger in automobile struck by car is on plaintiff.* In an action by a passenger riding in an automobile against a street railroad company to recover damages for personal injuries due to a collision between the car and automobile, the burden of affirmatively establishing freedom from contributory negligence is upon the plaintiff.

DEVER, J., dissenting.

Error to the Superior Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed November 5, 1917.

DAVID K. TONE and HENRY M. ASHTON, for plaintiff in error.

FRANKLIN B. HUSSEY and CHARLES LEROY BROWN, for defendant in error; JOHN R. GUILLIAMS, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The plaintiff brought suit against the defendant to recover damages for personal injuries received by him August 17, 1911, as a result of a collision between an automobile, in the rear seat of which he was riding as a guest of the owner, and a southbound Clark street car, at the intersection of Clark street and Sunnyside avenue, public highways in the City of Chicago. The verdict of the jury and judgment of the trial court were in favor of the defendant, and plaintiff brings the record here by writ of error for review.

Sunnyside avenue extends east and west and Clark street at its intersection with Sunnyside avenue extends in a southeasterly and northwesterly direction. There is a direct conflict in the testimony of the witnesses for the different parties as to the speed of

both the street car and the automobile at and just before the collision occurred. The motorman on the car testified that the automobile was 45 or 50 feet from the point of collision when he applied his brake. Certain other witnesses testify that the automobile was on the south side of Sunnyside avenue and east of Clark street as it approached the tracks. Certain witnesses testify that the street car was going from 20 to 25 miles an hour just before the accident occurred, while others say the car was going at a rate of from 8 to 10 miles an hour at the point where the motorman first began to brake his car.

The evidence as to what happened just before the accident occurred, the distance at different times of the car, as well as the automobile, from the point where the collision occurred, the speed of both the car and the automobile at and before the accident happened, is in sharp conflict. It suffices to say, however, that there was sufficient evidence submitted to the jury to warrant the jury in finding either that the joint negligence of the driver of the automobile and motorman of the street car caused the accident, or that the accident was not caused by any negligent act or conduct on the part of the motorman or other servant of defendant in charge of the colliding car.

It is urged that the court erred in giving to the jury certain instructions numbered 7, 10 and 12, respectively.

It is asserted that an instruction similar to instruction number 12 was given in the case of *Kravitz v. Chicago City Ry. Co.*, 174 Ill. App. 182. An examination of this authority reveals that while it was there held that the giving of the instruction was erroneous, the error grew out of the fact that the instruction was, in the opinion of the court, not applicable to either the defendant's or the plaintiff's theory of the case.

In *Scanlan v. Chicago Union Traction Co.*, 127 Ill. App. 406, the giving of an instruction containing lan-

guage substantially similar to that complained of in instruction No. 12 was held not to be erroneous. The instruction as given charged the jury that "if you believe from the evidence * * * that as the car approached the place of the accident it was being operated with ordinary care, and that the motorman * * * did all he could to avoid the accident in question as soon as it was apparent or ascertainable to him in the exercise of reasonable and ordinary care, that the plaintiff was crossing the track, or going upon or near the track," etc. This instruction charged in effect that it was the duty of the motorman to exercise ordinary care in approaching the street's intersection, and that if the jury believed that he did operate his car with ordinary care, then under those circumstances all the law required of him was to do all that was reasonably possible to avoid the accident after he had become apprised, or, in the exercise of reasonable care, could have become apprised, of the approach of the automobile towards the street car tracks. Under the facts of this case we do not think the giving of this instruction was error.

It is complained that the court erred in giving instructions Nos. 7 and 10. These instructions are as follows:

"No. 7. The court instructs the jury that the law will not and does not permit one carelessly and negligently to bring upon himself an injury and then recover damages because of the concurrent negligence of some other person. And if the jury believe from the evidence in this case, under the law as stated in the instructions of the court, that the plaintiff knew of the approach of the car, or by the exercise of ordinary care and caution could have known of the approach thereof, and if you further believe from the evidence in the case, under the law as stated in these instructions, that he, notwithstanding, rode upon the street car track and was thereby injured, and that in so doing, if he did so, he failed to exercise ordinary care and caution for his own safety just before and

at the time of the alleged injury, which failure proximately contributed to cause the injury, then you should find your verdict for the defendant.''

''No. 10. You are instructed that even if you believe from the evidence, under the law, as stated in the instructions of the court, that the motorman of the car in question, on the occasion in question in this suit, was guilty of negligence as charged in the declaration, yet if you further believe from the evidence under the instructions of the court, that the plaintiff, by using his faculties with ordinary and reasonable care in looking out for danger could have avoided the accident and that he negligently failed to do so and that such negligence caused or proximately contributed to cause the injury, then the plaintiff cannot recover in this case, and your verdict should be for the defendant.''

These instructions were, we think, proper to be given under the facts in evidence and were clearly applicable thereto. Because plaintiff was a guest of the car owner and was not driving the car does not exonerate him from the duty of care so far as, under the circumstances in which he was at the time situate, he was capable of exercising. The law will not excuse a total absence of care because plaintiff was not driving the car. On the contrary, the law imposed upon him the duty to use such care as he was able. He could not, as the evidence foreshadows, sit back silent and motionless in a position of danger open to his observation. He was not, in the circumstances of this case, absolved from any care or relieved from the general legal principle that he must be in the exercise of due care for his own safety at the time of and immediately preceding the accident in order to entitle him to recover. Whether or not he was in the exercise of due care was, under the evidence, a question for the jury to determine under the law as stated in the two instructions last quoted; and in order to so determine they should take into consideration, as they undoubtedly did, whether or not the accident could have been

avoided by the plaintiff's exercising his faculties in looking out for the dangers which confronted the automobile at the time. We think from the evidence the jury might properly find that plaintiff was derelict in this regard.

While the negligence of the owner and driver of a vehicle cannot be imputed to a person riding with him, in a collision between such vehicle and a street car, yet such person is responsible for his own negligence; and, if such negligence contributes to the injury for which damages are sought, there can be no recovery.

The jury might well find from the evidence that plaintiff was in a degree guilty of such negligence as contributed to the accident, and the verdict is reconcilable on the presumption that they did so find.

The legal principle laid down in instruction No. 10 is approved in *Flynn v. Chicago City Ry. Co.*, 250 Ill. 460. In Beach on Contributory Negligence (3rd Ed.), sec. 115, the author says:

"It is everywhere held, on familiar grounds, that if the negligence of the occupant contributes with that of the driver and a third person there can be no recovery against the latter. Thus, if A, being driven in the carriage of B, who is not a common carrier, willingly joins B in driving over a place obviously dangerous and is injured in consequence, A has no right of action against the municipality. And where a passenger has reason to apprehend danger he is not at liberty to leave the exercise of due care to the driver, alone. For example, where husband and wife were sitting upon the same seat in a vehicle driven by the husband and both were killed by a collision at a crossing, in an action brought by the administratrix of the wife against the railroad company it was held that she had no right, because her husband was driving, to omit some reasonable and provident effort to see for herself that the crossing was safe, and that she was bound to look and listen. So it has been held that a failure to look and listen, on the part of one riding with his back to the driver, while approaching a well-

known railroad crossing at a fast trot, or to warn the driver, or to take any precautions whatever, was contributory negligence barring recovery. In cases of this kind it is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of the danger and avoid it if possible.''

In volume 3 of Elliott on Railroads, sec. 1174, the rule is stated thus:

''The general rule is that the negligence of the driver of a vehicle with whom the injured person is riding will not be imputed to such injured person. * * * Thus, where one person riding with another saw the headlight of an approaching locomotive, it was held that he was guilty of contributory negligence in failing to warn the driver of the vehicle in which he was riding. If the person riding in the vehicle knows that the driver is negligent and he takes no precautions to guard against injury he cannot recover, for in such case the negligence is his own and not simply that of the driver. The plaintiff cannot rightfully omit to use care in blind dependence upon another, but must use care proportionate to the danger of which the facts convey knowledge.''

*Hoag v. New York Cent. & H. River R. Co.*, 111 N. Y. 199; *Brickell v. New York Cent. & H. River R. Co.*, 120 N. Y. 290.

The burden of affirmatively establishing freedom from contributory negligence is upon the plaintiff, nor is the rule to be relaxed in favor of the plaintiff because of the fact that he was being carried in a vehicle owned and driven by another. *McGuire v. New York City Ry. Co.*, 52 N. Y. Misc. 591, 102 N. Y. Supp. 749.

Plaintiff produced no evidence from which it might be gathered that he did any act in an attempt to avert the accident. So far as the evidence discloses he remained passive and in no way made any attempt to avoid the accident.

There is no reversible error in this record, and the judgment of the Superior Court is affirmed.

*Affirmed.*

MR. JUSTICE DEVER dissents.