Joe Waitrovich, Appellee, v. James T. Black, Appellant.

Opinion filed February 1, 1929. Rehearing denied June 3, 1929.

Moses Pulverman and E. M. Spiller, for appellant; Tilman B. Cantrell, of counsel.

D. L. Duty and E. N. Bowen, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

Appellee brought suit in case to recover damages for personal injuries sustained in an accident while riding as an invited guest in the automobile of defendant. Trial before a jury resulted in a judgment for plaintiff for $1,500. Motions for new trial and in arrest of judgment were overruled and judgment rendered on the verdict, and appellant prosecutes this appeal.

The declaration consists of one count and charges, in substance, that on February 27, 1927, the defendant was driving a Chevrolet coach automobile in an easterly direction along the hard road east of Herrin, Illinois, at about ten o'clock at night; that plaintiff was riding with defendant as an invited guest; that it was the duty of the defendant driving the car to exercise reasonable care and caution for the plaintiff's safety, the plaintiff being in the exercise of reasonable care and caution for his own safety. That nevertheless and notwithstanding his said duty in the premises, the defendant drove his said automobile so carelessly, negli-

gently and improperly ''along and upon the hard-surfaced public. highway aforesaid in an easterly direction at and up to the crossing of the Chicago, Burlington and. Quincy Railroad Company's tracks with said hard-surfaced highway as aforesaid; that said automobile ran with great force and violence into the rear end of a fast freight train then and there traveling in a northerly direction upon and over the crossing of said railway and said hard-surfaced public highway at a point, to wit, one mile east of the City of Herrin, as aforesaid, as a direct result of which the plaintiff was thrown with great force and violence from said automobile,'' etc.

To the declaration defendant filed a plea of not guilty and issue was joined thereon.

The facts involved in this case are not in dispute. Dr. Black, the defendant below, was driving his Chevrolet automobile from Marion to Herrin, in which the plaintiff was his invited guest. On the return trip as they were approaching the Chicago, Burlington & Quincy Railroad crossing about a mile east of Herrin at about 10:30 o'clock at night, they ran into some object, as a result of which the car of Dr. Black was demolished and the plaintiff was injured.

At the time of the accident the speed of the car was shown to be from 15 to 20 miles per hour; that neither Dr. Black, who was driving, nor the plaintiff had any warning of the approach of the train, but each knew they were approaching the railroad track. After the accident the plaintiff was found unconscious upon the right of way between the tracks of the Chicago, Burlington & Quincy Railroad.

The appellant strenuously insists that there is no proof in the record to sustain this judgment; that is, that there is no evidence showing that they collided with the rear end of a freight train as charged in the declaration.

It is not positive and certain as to what the Doctor's car collided with on the railroad tracks, but it was a question of fact for the jury to decide whether the allegations of the declaration have been proven. We cannot say from an examination of this record that there is not sufficient proof on which the jury would be justified in basing their verdict that the automobile of Doctor Black did collide with the rear end of a freight train, but there are several circumstances that strongly point to this conclusion.

The appellant insists that the plaintiff was guilty of such contributory negligence as to bar recovery in this case, and that he did not exercise ordinary care for his own safety at the time the accident occurred.

The plaintiff was riding as an invited guest in the car of the defendant, and was only bound to use such care and caution for his own safety as a person situated in like circumstances would exercise. (*Fredericks v. Chicago Rys. Co.*, 208 Ill. App. 172.)

The Roads and Bridges Act of Illinois, Cahill's St. ch. 121, ¶ 161, provides as follows: "Upon approaching any highway crossing a railroad at grade, the person controlling the movement of any self-propelled vehicle shall reduce the speed of such vehicle to a rate of speed not [to] exceed ten (10) miles per hour."

It is admitted that Doctor Black was violating the statute in approaching this crossing. The plaintiff was probably aware of that violation, and because the plaintiff did not remonstrate with Doctor Black that he was driving too fast, or protest or warn the Doctor in some way that they were approaching this crossing, appellant insists the plaintiff is guilty of contributory negligence and this would be a bar to his recovery.

The question of contributory negligence is usually one for the jury and the verdict will not be set aside by the Appellate Court for that reason on review

unless it appears that such verdict is against a clear preponderance of the evidence. (*Odett v. Chicago Ry. Co.*, 166 Ill. App. 270; *Flynn v. Chicago City Ry. Co.*, 250 Ill. 460; *Chicago & E. I. R. Co. v. Schmitz*, 211 Ill. 446.)

The evidence shows that it was a very dark and rainy night, with fog and mist obscuring the windshield so that a person sitting in the car could not see through the windshield, except through the place where the windshield wiper was clearing it continuously.

Doctor Black testified that there was some warning of danger as he approached this railroad track but the evidence does not disclose what that warning was. He had a better opportunity of observing any approaching danger in front of him than the plaintiff sitting at his right and back of a cloudy windshield.

A passenger riding as an invited guest in an automobile is only bound to exercise such care as the exigencies of the situation require. (*Fredericks v. Chicago Rys. Co.*, 208 Ill. App. 172.)

From the evidence in this case we cannot say that the plaintiff was not in the exercise of ordinary care for his own safety and whether he did, or failed to do, all that a reasonable man in like circumstances would have done, is a question for the jury to decide. They by their verdict have found that he did not contribute by his negligence to this accident.

At the request of the appellant the court gave to the jury seventeen instructions. Quite a number of these instructions informed the jury that if the plaintiff by his negligence contributed in any degree whatever to the accident that he could not recover in the case.

The appellant insists that the refusal to give his instruction "A" is reversible error. He cites the case of *Burns v. Chicago & A. R. Co.*, 229 Ill. App. 170, to sustain his contention. In the *Burns* case the contributory negligence of a passenger in an automobile

was not involved at all, but the plaintiff was suing for injuries to herself, and the court in passing upon the negligence of the plaintiff held that the violation of the statute as to the rate of speed that she should drive on approaching a railroad crossing was prima facie evidence of neglect; that is, that she was driving at a greater rate of speed than was lawful. But the case does not hold that the fact that a passenger is riding with a person operating an automobile at a greater rate of speed than is lawful in approaching a railroad crossing, alone would be prima facie evidence of contributory negligence on the part of the passenger in said car.

On examination of the instructions offered by the defendant and given by the trial judge, it shows that the jury were repeatedly instructed as to the negligence of the plaintiff. Defendant's instruction No. 7 sets forth that if the plaintiff failed to protest or warn Doctor Black against the manner in which he was driving and operating his automobile, and that such failure on the part of the plaintiff caused or approximately contributed to the cause of the accident, then the plaintiff cannot recover. That is, in substance, the gist of the refused instruction and it was not reversible error to refuse this instruction.

On examination of the record we are of the opinion that there is sufficient evidence on which to sustain this verdict, and finding no reversible error in the case, the judgment of the city court of the City of Marion is hereby affirmed.

*Affirmed.*