St. Clair National Bank of Belleville, Administrator of
the Estate of John Kuehn, Deceased, Appellant,
v. Harley E. Monaghan, Appellee.

Opinion filed February 12,
1930. Rehearing denied March 17, 1930.

F. J. TECKLENBURG, for appellant.

JOHN W. FREELS, for appellee; ROPIEQUET & FREELS, of counsel.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an appeal from a judgment entered on a directed verdict in favor of appellee made at the close of appellant's evidence in the trial court.

The declaration charged that appellee carelessly and negligently drove an automobile against another automobile, in which appellant's intestate was riding, and that as a result of such collision appellant's intestate was killed, leaving next of kin who suffered loss by reason of the death of the deceased.

Testimony on the part of appellant tended to show that the deceased, John Kuehn, and one Henry Deppe and William Corpstein were serving on a jury in the city court of East St. Louis and had been excused from service in the forenoon, and were proceeding to their respective homes when Deppe asked them to ride with him in his automobile to Belleville. Deppe was driving a Nash touring car and pursuant to his invitation Corpstein was riding on the front seat on the right-hand side of Deppe, the driver, and Kuehn, the deceased, was in the rear seat of the car. The evidence shows that there were isinglass curtains fastened into the rear doors of the car by means of an iron rod and that these curtains extended from the rear seat to the front seat. The accident in question happened at the intersection of 15th Street, a north and south street, and St. Louis Avenue, an east and west street being about 48 feet between curbs.

St. Louis Avenue was protected by boulevard stop signs and as Deppe, the driver of the car, proceeded north on 15th Street he stopped his car about 10 feet

from St. Louis Avenue and looked to the left and right for vehicles that might be approaching on St. Louis Avenue, and at that time no vehicles were in sight. The driver of the car then proceeded northward across St. Louis Avenue and when his car had traveled to near the center of the street he observed appellee's car, a Ford sedan, about 15 or 20 feet away, approaching Deppe's car, along the center of St. Louis Avenue, at a speed of about 40 miles an hour. Deppe testified that the front of appellee's car struck the left rear side of his car while the same was at about the center of the street intersection.

The testimony of the witness Corpstein was corroborative of that of the driver of the car. There was no testimony that Kuehn, who occupied the rear seat, looked either to the right or left at the time when Deppe's automobile entered upon the crossing, or that he said or did anything, prior to the time the Deppe car was struck, to warn the driver. The testimony tends to show that Deppe's car was turned around by the impact and that the rear of the car, when it came to a stop, was within a few feet of the northeast curb. The rear curtains on Deppe's car were in good condition prior to the accident, and immediately thereafter the right-hand curtain was torn and the rod holding the curtain was bent, evidently by the force of the collision which threw Kuehn's body through the curtains of the automobile onto the pavement. Immediately after the accident Kuehn was found, unconscious, on the pavement near the curb. He was bleeding from a wound in the head, suffered a fracture of the skull, and died about an hour thereafter.

At the close of appellant's evidence motion for a directed verdict was made on the part of appellee, which motion was granted by the trial court and error is assigned upon this ruling.

On a motion to direct a verdict only that evidence can be considered which is in favor of the party against

whom the motion is directed, and that evidence must be considered in the light most favorable to that party, together with all legitimate inferences which may be drawn from it in his favor. *Shannon v. Nightingale,* 321 Ill. 168. The question of due care on the part of a plaintiff is a question for the jury when there is any evidence given on the trial which with any legitimate inference that may be legally and justifiably drawn therefrom tends to show the use of due care. *Greenwald v. Baltimore & Ohio R. Co.,* 332 Ill. 627.

Appellee contends that there was no evidence tending to show affirmative proof of due care on the part of the deceased; that because appellant's intestate did not do or say anything, at and prior to the accident, that therefore he was guilty of such want of exercise of ordinary care as precludes a recovery by reason of his alleged wrongful death. It is not urged by appellee that the evidence does not tend to show negligence on the part of appellee.

In *Opp v. Pryor,* 294 Ill. 538, it was held that one who is voluntarily riding in an automobile, as a guest of the driver, is not relieved of the duty to exercise ordinary care and that where a passenger has equal opportunity with the driver to observe danger in crossing a railroad track, it is the passenger's duty to warn the driver if practicable.

In *Walsh v. Moore,* 244 Ill. App. 458, this court said, "We do not understand that it is as much the duty of an invited guest riding with the owner and driver of an automobile to learn of danger and to avoid it as it is of the driver." The evidence in this case shows that appellant's intestate was riding on the rear seat and had nothing to do with the driving of the automobile. The Appellate Court of the First District in the case of *Christensen v. Johnston,* 207 Ill. App. 209, quoted with approval the following language from *Clarke v. Connecticut Co.,* 83 Conn. 219, "What conduct on the

passenger's part is necessary to comply with his duty must depend upon all the circumstances, one of which is that he is merely a passenger having no control over the management of the vehicle in which he is being transported. Manifestly, the conduct which reasonable care requires of such a passenger will not ordinarily, if in any case, be the same as that which it would require of the driver. While the standard of duty is the same, the conduct required to fulfil that duty is ordinarily different because their circumstances are different.''

Under the facts in this record it was clearly a question of fact for the jury to determine whether or not the driver of the car was exercising due care at and prior to the accident. If the driver of the car was exercising due care then undoubtedly it would be a fair inference that the deceased as a passenger in the rear seat was also in the exercise of due care. The fact that appellant's car was approaching the street intersection in question is not analogous to that class of cases cited by appellee which make it the duty of a passenger to be on the lookout for approaching trains at a known dangerous place. The driver of a car who has the right of way across a street has a right to assume that drivers approaching will exercise due care at least until the circumstances are such as to give due and proper warning.

If one riding as a guest in the car of another were required at street intersections to look out and warn the driver of approaching cars, a most uncomfortable and hazardous position might be created for the driver of a car who happened to have several passengers as guests, and, it might well be said, if an accident happened that it could be charged to the negligence of the guests in distracting the attention of the driver as he approached or crossed street intersections. A passenger riding as an invited guest in an automobile is only

bound to exercise such care as the exigencies of the situation require. *Waitrovich v. Black*, 254 Ill. App. 49. From the evidence in this case we cannot say as a matter of law that appellant's intestate was not in the exercise of ordinary care for his own safety and whether he did or failed to do all that a reasonable man in like circumstances would have done is a question which should have been submitted to the jury for their decision.

For the reasons aforesaid we are of the opinion that the judgment of the circuit court should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*