Roy Smith et al., Appellees, v. W. T. Courtney et al., Appellants.

Opinion filed September 16, 1935.

WARDER & ZIMMERMAN and D. L. DUTY, of Marion, and J. G. BURNSIDE, of Vandalia, for appellants.

MATHENY & WELKER, of Vandalia, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

Roy Smith and four others, appellees, herein referred to as plaintiffs, instituted a suit against appellants, herein referred to as defendants, to recover damages alleged to have been sustained in a collision between Smith's automobile in which all the plaintiffs were riding and defendants' bus, driven by defendant Lowe as an agent of Courtney.

The negligence charged in the complaint is that the defendants negligently, carelessly and recklessly drove said bus so that it ran against and into the automobile in which plaintiffs were riding and thereby injured them. Defendants answered denying the charge of negligence and defendant Courtney filed a counterclaim alleging damages to his bus.

At the close of plaintiff's evidence and at the close of all the evidence, the defendants made a motion for directed verdict. The court reserved a ruling on the motion until after the verdict.

The jury returned a verdict for the plaintiffs assessing the damages as follows: Smith, $1,032; Reeves, $70; Cocagne, $675; Woolsey, $174; and Pope, $275. After

overruling the motions for a directed verdict and a new trial, judgments were entered on the verdict and defendants appealed.

As grounds for reversal, the defendants urge that the court erred in not directing a verdict for defendants for the reasons that plaintiffs did not prove that they were in the exercise of due care; that the court erred in not granting the motion for a new trial and error in giving of instructions.

The evidence shows that at about 2:30 a. m., February 5, 1934, plaintiffs were traveling north on State Highway Route No. 2 towards Vandalia in an automobile. Plaintiff Smith owned the automobile and was driving at the time of the accident. Earlier in the evening, they had attended a convention at Bridgeport and at the time of the collision were returning to their homes in Vandalia. On their way home, they had stopped at various roadhouses for the purpose of advertising a dance to be held in Vandalia. Defendant Lowe was driving Courtney's bus in a southerly direction on the same highway, transporting 29 boys from Peoria to Marion, the boys being members of a Civil Conservation Camp.

Plaintiff Smith testifies that he was driving 25 to 30 miles per hour; was on the right hand side of the black line that marked the center of the pavement; that he did not pay much attention to the bus until it was within 35 or 40 feet of him and that when he saw it, the bus was coming into the north-bound traffic lane. The right front of his car collided with the right front of the bus.

Plaintiff Pope who was riding on the back seat and was awake corroborates Smith and testified that he saw the bus light coming down the road and that when it was 50 feet away, it was coming into the north-bound traffic lane and had the road blocked.

Plaintiff Woolsey testified that he was riding in the back seat and was awake until a short time before the accident; that at Shobonier two miles south of the accident he talked to the driver; that after leaving Shobonier he went to sleep and did not see the bus and did not know how it happened.

Plaintiff Cocagne testified that he was riding in the front seat and that he went to sleep about 30 minutes before the accident and the last he knew before he fell asleep, they were driving through Patoka seven or eight miles south of the scene where the accident occurred.

Plaintiff Reeves testified that he was asleep in the back seat; that he was awake at Sanoval about 25 miles from the accident and did not remember anything after that and did not know how the collision occurred.

Defendant Lowe testified that he was driving the bus 35 to 40 miles per hour and that as plaintiff approached him, they were going 50 miles per hour; that he saw plaintiff's automobile some distance south of the point of collision and that it was over part way in the southbound traffic lane; that when it was 500 feet away, he sounded his horn three times; that as the automobile and bus approached each other, plaintiff's automobile continued north on the wrong side of the black line; that when it was within 100 feet of the bus, to avoid a collision, he turned the bus sharply to the left; that immediately before the collision the left wheels of plaintiff's automobile were off the slab on the west side; that at the time of the collision, the left front wheel of the bus was east of the black line. Lowe is corroborated in his testimony by four of the boys who were passengers in his bus.

There is other evidence in the record as to the location of the cars immediately after the accident, marks and oil spots upon the pavement and the parts of the cars damaged and evidence of an impeaching nature

but none of it serves to clarify the conflict in the evidence of the witnesses as to how the accident happened. There is such a sharp conflict in the evidence as to how the accident occurred and whose negligent act was the cause thereof that we cannot say that the verdict of the jury is not supported by a preponderance of the evidence. It was for the jury to say whose evidence they would believe as true and since they have adopted the evidence of the plaintiff as being the more credible and the same having been approved by the trial court, this court would not be warranted in reversing the judgment on the grounds that the verdict was not supported by a preponderance of the evidence.

Defendant's further contention is that the court erred in not directing a verdict for the defendant for the reason that plaintiffs had not proven that they were in the exercise of due care for their own safety. The basis of their argument is that since Smith and Pope did not see the bus until it was within 40 or 50 feet of them and the other three plaintiffs were asleep and did not see it at all, therefore this amounts to negligence *per se* and bars their right of recovery.

There is no evidence that in any way tends to prove that there was anything in the conditions of the traffic, the roadway, the conditions of the weather, Smith's driving of the automobile or the operation of the automobile that could reasonably cause any one to anticipate that there might be danger ahead.

The question of contributory negligence is ordinarily one of fact for the jury, which must be determined from all the facts and circumstances surrounding the injury. It is a question of law for the court to determine whether under the facts and circumstances of each particular case there is any evidence tending to prove due care, and if there is such, then the case should be submitted to the jury and the court

cannot say, as a matter of law, that the plaintiff has been guilty of such contributory negligence as to bar the right of recovery.

In *Stack v. East St. Louis & Suburban Ry. Co.*, 245 Ill. 308, the court said, "There is no rule of law which prescribes any particular act to be done or omitted by a person who finds himself in a place of danger. In the variety of circumstances which constantly arise, it is impossible to announce such a rule. The only requirement of the law is that the conduct of the person involved shall be consistent with what a man of ordinary prudence would do under like circumstances."

The negligence of Smith could not be imputed to the other plaintiffs. However, this rule did not relieve the plaintiffs who were guests from the burden of proving that they were, immediately prior to and at the time of the accident, in the exercise of due care and caution for their own safety. *Opp v. Pryor*, 294 Ill. 538; *Flynn v. Chicago City Ry. Co.*, 250 Ill. 460; *Pienta v. Chicago City Ry. Co.*, 284 Ill. 246. "A passenger riding as an invited guest in an automobile is only bound to exercise such care as the exigencies of the situation require." *Waitrovich v. Black*, 254 Ill. App. 49; *Fredericks v. Chicago Rys. Co.*, 208 Ill. App. 172.

Since the jury found the issues for the plaintiffs, we must assume that they adopted plaintiffs' version of the cause of the accident. Under the evidence, it would appear that the defendant's bus when within 40 or 50 feet of plaintiffs' automobile suddenly and without warning drove directly in front of plaintiffs. Whether Smith acting under such a condition did all that a reasonable and prudent person would do under like circumstances was a question for the jury.

Plaintiff Pope who was awake and riding on the back seat had no control over the car. It appears that he saw the bus shortly before it crossed the pavement but

it does not appear there was anything in its approach or the way it was being driven that would cause one to anticipate that it would suddenly turn from its line of travel into plaintiff's traffic lane. After the bus began to turn across the road his observations would be substantially the same as the driver and there is no reason to hold him to the exercise of any greater diligence as a result thereof than is imposed upon the driver. As to Pope, the question whether he used ordinary care under the circumstances was one of fact for the jury.

There are cases in other jurisdictions where under the facts of those cases a distinction is made as to the degree of care required by a guest riding in the front seat of an automobile and one riding in the rear seat but under the circumstances of this case no distinction can be drawn between Cocagne asleep in the front seat and Woolsey and Reeves asleep in the rear seat. Had plaintiffs Cocagne, Woolsey and Reeves been awake, under the circumstances of this case, the law would not have imposed any greater degree of care upon them than upon Pope who was awake. The question is, Does the fact that they were not awake and keeping a lookout for dangers which were not then apparent constitute negligence *per se?*

In *Kilpatrick v. Philadelphia Rapid Transit Co.*, 290 Pa. 288, 138 Atl. 830, the guest was reading a newspaper when the automobile in which he was riding collided with a street car and it was held that his conduct was a question for the jury.

In *D. & H. Truck Line v. Hopson* (Tex. Civ. App.), 4 S. W. (2d) 1013, it was held that an occupant of an automobile sleeping when the car in which he was riding collided with an unlighted truck was not guilty of contributory negligence.

As to the necessity of some affirmative proof of care by a guest, the court in *Rhoden v. Peoria Creamery Co.*, 278 Ill. App. 452, said, "The fact that defendant in

error did not do or say anything as the car approached the truck did not, in our opinion, show, as a matter of law, that she was not in the exercise of ordinary care for her own safety. The question whether she did or failed to do all that a reasonable person in like circumstances would have done was properly submitted to the jury by the trial court.''

In *St. Clair Nat. Bank v. Monaghan,* 256 Ill. App. 471, where appellant contended that there was no affirmative proof that the guest had said or done anything, this court said, ''Under the facts in this record it was clearly a question of fact for the jury to determine whether or not the driver of the car was exercising 'due care at and prior to the accident. If the driver of the car was exercising due care then undoubtedly it would be a fair inference that the deceased as a passenger in the rear seat was also in the exercise of due care. The fact that appellant's car was approaching the street intersection in question is not analogous to that class of cases cited by appellee which make it the duty of a passenger to be on the lookout for approaching trains at a known dangerous place.''

We are of the opinion that the facts of this case distinguish it from that line of cases where there is a duty upon a guest in an automobile to be on the lookout for danger at places where it is known that danger is likely to exist and that the question of the contributory negligence of the three plaintiffs who were asleep was for the jury.

Defendants contend that the court erred in giving instructions on the question of negligence, the point being that the negligence referred to in the instruction did not limit the jury to the negligence charged in the complaint. The only charge of negligence in the complaint was that the defendant negligently, carelessly and recklessly drove the bus. This was a general charge of negligence and the instruction substan-

tially followed the same charge. There was no error in the giving of this instruction.

Defendant's final contention is that the fact that the claims of five plaintiffs were tried before one jury caused confusion and that the jury could not understandingly consider the claims of the several plaintiffs and the defenses interposed as to each of those claims. The claims of the five plaintiffs all grew out of the same transaction and under the authority of section 23 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 151, they were properly joined in the same suit. The evidence on the question of negligence and due care on the part of the plaintiffs was substantially the same for each of the plaintiff's claims, the only difference was as to the amount of the damages sustained by each plaintiff. From a study of the evidence as to the extent of the injuries sustained, we are satisfied that the jury was not confused in the trial of the issues and that the several verdicts as to damages are supported by the evidence.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*