Willard J. Partridge, Appellee, v. Enterprise Transfer Company, Appellant.

Gen. No. 40,811.

Opinion filed February 14, 1940.

LORD, BISSELL & KADYK, of Chicago, for appellant; RAYMOND WEARING, GORDON R. CLOSE and EDWARD S. CROWELL, all of Chicago, of counsel.

AARON R. EPPSTEIN, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered in the circuit court on the verdict of a jury for the sum of $5,000 in favor of plaintiff Willard J. Partridge and against the defendant Enterprise Transfer Company for personal injuries claimed to have been sustained by plaintiff when defendant's truck collided with plaintiff's automobile. The defendant's truck was being operated at the time of the accident by defendant's employee.

The complaint consists of one count and alleges that on August 24, 1937, the defendant, by its servant, negligently caused its truck to run into and against the vehicle operated by plaintiff.

Paragraph 3 of the complaint charged that the acts of the servant of the defendant were wilful and wanton. The complaint further alleges that at and prior to the time of the accident, the plaintiff was exercising reasonable care for his own safety.

It is further alleged that the plaintiff received an injury to his chest, causing the formation of a malignant tumor, which had to be removed and that as a result thereof he suffered great pain and incurred considerable expense, and because of his injuries was damaged in a material way to the extent of many dollars.

The complaint further alleged that the defendant, by its servant in that behalf, was possessed of, operating, using, maintaining and controlling its said motor truck in a southerly direction upon and along a public

highway in Lake county, Illinois, known as Route 42A, and that the plaintiff Willard J. Partridge at that time was proceeding in a westerly direction along a certain other public highway in said Lake county, known as Route 22; that the vehicle of the defendant ran into and struck against the vehicle of the plaintiff at the place aforesaid with great force and violence; avers that plaintiff at all times was exercising reasonable care for the safety of himself and his automobile.

The complaint further alleges that the defendant drove, operated, used, maintained and controlled its said motor truck at a speed greater than was reasonable and proper, having regard to the traffic and the use of the way, and so as to endanger the life or limb and injure the property of any person at the place aforesaid, which was outside the business and residence district of any city, village or incorporated town. Also, that the defendant drove at a speed in excess of 45 miles per hour, contrary to the statute in such case made and provided. Further, that the said defendant carelessly drove, operated and maintained its said motor truck at a dangerous and unsafe rate of speed of 50 miles per hour.

Defendant's answer denied the allegations contained in paragraph 2 of the complaint; denied the allegations in paragraph 3, wherein the plaintiff charged the defendant with wilfully, wantonly and maliciously running into the automobile of the plaintiff. The answer further denied the allegations in paragraph 4 of the complaint, wherein plaintiff averred that he, the plaintiff, was in the exercise of reasonable care for the safety of himself and his automobile and that the proximate cause of the injury was the negligence of the defendant; that the defendant drove, operated, used, maintained and controlled its motor truck at a speed greater than was reasonable and proper.

The answer further denied the allegations in paragraph 5 of the complaint when it was alleged that by

means of the premises, the motor truck of the defendant was caused to and did collide with the automobile of the plaintiff with great force and violence and the plaintiff was caused to be thrown against and to fall upon certain parts or portions of said automobile with great force and violence, and that the plaintiff by means of the premises was then and there greatly hurt, bruised, injured and wounded, and became and was sick, sore, lame and disordered and sustained an injury to his chest and developed, as the proximate result of said injury, a malignant tumor to-wit: a sarcoma; that as to the allegations as to damages, defendant also denies them.

On February 18, 1838, an admission of facts was filed by defendant, as follows:

1. That the automobile truck mentioned in the 1st paragraph of plaintiff's complaint was on August 24, 1937, owned by this defendant.

2. That the said truck described in the last paragraph of plaintiff's complaint was on August 21, 1937, being operated and driven by an employee of this defendant. [This date as given in brief.]

3. That at the time and place of the accident herein involved this defendant's employee was engaged in the business of this defendant.

The plaintiff's theory of the case is that at the time of the accident in question he was in the exercise of due care and caution for his own safety; that the defendant's servant was negligent in the operation of its truck and that as a proximate result of such negligence the plaintiff received the injuries complained of.

Defendant's theory of the case is:

1. That the plaintiff was guilty of contributory negligence as a matter of law which was a proximate cause of the collision, and, therefor, he cannot recover.

2. The contributory negligence of the plaintiff is a defense, because (1) the plaintiff failed to prove any wilful and wanton misconduct on the part of defend-

ant's servant, and (2) even if there is any evidence of wilful and wanton misconduct, on the part of defendant's servant, such claim has been abandoned.

3. The verdict is against the manifest weight of the evidence.

When this case was before this court on oral argument, defendant, by his counsel, stated that there was no controversy about the amount of the damages.

The scene of the accident was the intersection of the Waukegan road, designated as State Highway 42A, and the Half Day road, designated as Route 22. Route 42A runs practically north and south and Route 22 runs east and west. Fifty to seventy feet west of Route 42A and parallel to it is a railroad which crosses Route 22. Route 42A is a four-lane highway, 40 feet wide. Route 22 is a two-lane highway, 20 feet wide. There were stop signs on Route 22 on the east and west sides of Route 42A. There were no stop signs on Route 42A for Route 22. There was a slow sign for southbound traffic on Route 42A, 300 feet north of Route 22. There were also stop signs at the railroad on Route 22. At the time of this occurrence there were two stop signs on the east side of 42A. The northeast cornor was vacant and the whole intersection was wide open. There were cement aprons in the corners of the intersection. The accident occurred in August and it was daylight at the time. The pavement was dry.

The facts are not disputed.

The place where the accident occurred was in Route 22, about 20 feet west of the west line of Route 42A. The two vehicles stopped near the railroad. The collision was almost a right angle collision, and the left side of the defendant's truck sideswiped the right-hand side of the plaintiff's automobile. The defendant's driver did not deny that the collision occurred after he turned right into Route 22.

Plaintiff's version of the occurrence was sustained by two other witnesses.

The evidence shows that Mr. Partridge, the plaintiff, was a man 45 years old and an experienced driver; that on the afternoon of the accident, accompanied by his wife, he came from Chicago, westward over Route 22; that one Bellito, who was a witness for plaintiff, was a vendor of ice cream bars and was located with his trailer off the road at the southeast corner, where the accident occurred; that as Mr. Partridge approached Route 42A, he drove off the road to make inquiry as to directions, and drove back on Route 22 and stopped at the edge of Route 42A, between it and the stop sign; that plaintiff looked to the south and saw nothing; that he looked to the north and saw defendant's truck which was southbound in the west lane 400 to 450 feet distant, traveling, in his opinion 40 to 45 miles per hour.

The evidence further shows that plaintiff started and drove across the intersection, and when in the center saw the defendant's truck approximately 200 feet away; that he was then going 8 to 10 miles per hour; that he proceeded across, his automobile increasing speed to 12 to 14 miles per hour when he passed the west side of 42A; that he was traveling in the north lane; that when he was across, he saw the truck about 25 feet away to the north, which did not appear to slow up or stop and was headed south; that the truck then turned into Route 22 and collided with plaintiff's automobile about 20 feet west of the Waukegan road line.

The evidence further shows that plaintiff did not stop in the intersection; that he went right across; that after the collision the defendant's truck continued on for 40 or 60 feet; that plaintiff's car was pushed over to the south side of Route 22, the Chevrolet stopping dead from the impact; that the collision was of great violence and plaintiff was thrown to the left and against the steering wheel; that the right-hand front

fender was bent and the right-hand running board was torn loose and the right door dented.

The evidence further shows that the defendant had one occurrence witness—the driver of the truck. His version was that he came south from Waukegan and when about 300 feet from the intersection he first saw Mr. Partridge's car on the east side of the road, stopped at the stop sign, which sign was not as far east as shown in defendant's photograph; that the stop sign was 25 or 30 feet back from Route 42A, the witness traveling from 30 to 35 miles per hour; that plaintiff then started up and the witness took his foot off the gas and slowed down to let plaintiff cross; that plaintiff stopped in the center of the intersection; that the witness started up again and went to cross in front of plaintiff, and Mr. Partridge stopped again, and the witness started up to cross in front and when the witness had 40 or 50 feet yet to go, plaintiff started up again and came on; that witness swerved to right and plaintiff did not swerve but just deviated from center and the cars came to rest a little from the center of Route 22, the back wheels just off Route 42A; that plaintiff came into him; that the damage to the Chevrolet was that the fender was rubbing the tire, but it was not from the collision; that the truck did not strike the running board and did not dent the door; that the witness was 300 feet away when plaintiff started; that when plaintiff stopped with his front end at the center line of 42A, the witness came to a stop; that the witness was then 175 feet to 200 feet from plaintiff; that the witness was slowing the truck; that he did not know to what speed truck was slowed to before it was accelerated; that witness does know that he reduced the speed from 35 to 10 miles per hour and then accelerated; that witness started up first, when 175 feet from plaintiff, and that plaintiff started up when witness was 40 to 50 feet ''off'' of him; that witness would not say plaintiff waited while he traveled

135 feet or more; that his car stood and waited; that he had 20 feet to travel across road; that when 40 feet away witness was going about 20 to 25 miles per hour; that witness does not know in what distance he can stop truck at that speed; that witness is a licensed chauffeur, but not working regularly for defendant; that he has no recollection where he went in Waukegan; that he had been over intersection 15 times before accident; that he had no recollection of slow down sign at Route 42A.

This case is one which is dependent in a great measure upon the facts, and there being much contradictory evidence, it is a typical case for the consideration of a jury.

Counsel for defendant contends that the court erred:

1st: In refusing to give an instruction at the close of plaintiff's case;

2nd: In refusing to give an instruction at the close of all the evidence; and

3rd: In refusing to give an instruction notwithstanding the verdict.

The trial court did right in refusing these requests.

Manifestly, the trial court should have considered the evidence of the plaintiff in its most favorable aspect with all the inferences to be drawn therefrom most favorable to plaintiff. Applying this rule to such motions for peremptory instructions and findings by the court it will readily be seen that the plaintiff made out a prima facie case in his favor, which should be left to the jury for consideration and determination.

In *Alden v. Coultrip,* 275 Ill. App. 306, at page 316, the court said:

"The plaintiff is entitled to full credence being given to the testimony in her favor and it must be considered in the light most favorable to her together with all legitimate inferences which may be reasonably drawn therefrom. *Pienta v. Chicago City Ry. Co.,* 284 Ill. 246."

In referring to the questions of contributory negligence and proximate cause, this court in the case of *Smith v. Courtney,* 281 Ill. App. 530, stated at page 535:

"The question of contributory negligence is ordinarily one of fact for the jury, which must be determined from all the facts and circumstances surrounding the injury. It is a question of law for the court to determine whether under the facts and circumstances of each particular case there is any evidence tending to prove due care, and if there is such, then the case should be submitted to the jury and the court cannot say, as a matter of law, that the plaintiff has been guilty of such contributory negligence as to bar the right of recovery."

In *Leahy v. Morris,* 289 Ill. App. 99, this court at page 107, said:

" 'Negligence does not become a question of law unless the evidence, which may be properly weighed upon the motion to direct a verdict, is such that all reasonable men would agree in their deductions from it, and if from the facts bearing upon the question of negligence reasonable men of fair understanding might draw different conclusions, the question is one of fact, not of law, and must be submitted to the jury. *Chicago & N. W. Ry. Co. v. Hansen,* 166 Ill. 632, 46 N. E. 1071; *Hoehn v. Chicago, P. & St. L. Ry. Co.,* 152 Ill. 223, 38 N. E. 549; *Petro v. Hines,* 299 Ill. 236, at page 240, 132 N. E. 462; 18 A. L. R. 1106.' *Hicks v. Swift & Co.,* 285 Ill. App. 1."

This case being a question of fact, to be decided by a jury, the court should abide by the finding of the jury in that regard.

In view of the fact, as heretofore stated, that counsel waives the question as to damages, this obviates the necessity of discussing the medical testimony, the damages sustained, etc.

It is contended by defendant that the verdict is against the manifest weight of the evidence. Without reciting at great length the conflicting evidence submitted in this case, suffice it to say that the finding of the jury in favor of the plaintiff does not appear to be against the manifest weight of the evidence. The jury was in an advantageous position, having seen the witnesses and heard them testify, to judge as to their credibility and to decide wherein lay the preponderance of the evidence. We are not disposed at this time to say that the jury's finding was incorrect or that the plaintiff did not prove his case by a preponderance of the evidence. We think the jury's finding was correct.

As was said in the case of *Smith v. Courtney,* 281 Ill. App. 530, page 535: ''There is such a sharp conflict in the evidence as to how the accident occurred and whose negligent act was the cause thereof that we cannot say that the verdict of the jury is not supported by a preponderance of the evidence. It was for the jury to say whose evidence they would believe as true and since they have adopted the evidence of the plaintiff as being the more credible and the same having been approved by the trial court, this court would not be warranted in reversing the judgment on the grounds that the verdict was not supported by a preponderance of the evidence.''

The only question remaining for our consideration and determination is whether or not the jury was properly instructed when the case was submitted to them.

Defendant complains of the following instruction which was given by the court at the request of the plaintiff:

''The Court instructs the jury that while the law gives the right of way to vehicles approaching along intersecting highways from the right over those ap-

proaching from the left, the law does not contemplate that such right may arise when the vehicle from the right is so far from the intersection at the time the car from the left enters upon it, that, with both vehicles running within the lawful limits of speed the vehicles on the left will reach the line of crossing before the other will reach the intersection and if you believe from the preponderance of the evidence that at the time the automobile of the plaintiff entered the intersection in question, the truck of the defendant was so far from the intersection that with both vehicles running within the lawful limits of speed the plaintiff's automobile would reach the line of crossing before the defendant's truck would reach the intersection, then you are instructed that the said defendant's truck did not have the right of way.''

We do not think that instruction is subject to the criticism which has been urged against it. If the rule were other than stated in this instruction, then a vehicle coming from the right, no matter how far it would be from the intersection, would have the right of way, and the vehicle approaching from the left would be required to wait until the vehicle from the right would pass the intersection regardless of the time wasted in so doing, and if followed by a long line of cars, as is usual, a party coming from the left could not cross until all cars to his right had passed which could consume hours. This would be most impracticable.

It is argued in defendant's brief, that:

''It is undisputed that at the time of the accident in question, Route 42A was a through highway and Route 22 was an intersecting one. The plaintiff was proceeding west on Route 22 and was required to stop *and give the right of way to the defendant's truck which was proceeding south on Route 42A.*''

As heretofore stated, we do not believe that the legislature intended that a vehicle approaching from

the right has the right of way, regardless of its distance from the intersection. All laws and rules are subject to a reasonable construction and we believe that the legislature intended that where two vehicles were approaching an intersection at approximately the same time, then the vehicle to the right has the right of way.

The following instruction given on behalf of plaintiff is also criticised by defendant:

"The Court instructs the jury that although you may believe from the evidence that the defendant's servant did all he could to avoid the collision in this case as soon as it was ascertainable to him, yet, if you further believe that before the servant of the defendant discovered the danger to the plaintiff the said servant failed to use reasonable care in the operation and movement of the truck in question to ascertain whether the said truck would collide with any person; and if you further believe from the evidence that such failure to use reasonable care, if any there were, before the danger to the plaintiff became ascertainable to said servant, proximately caused the injury to plaintiff, as alleged, and that the plaintiff before and at the time in question was exercising reasonable care for his own safety, you may find the defendant, Enterprise Transfer Company guilty."

While we do not believe that the foregoing instruction is a model as to clarity, or that it was a necessary instruction, yet we cannot say that it did any harm. At least not sufficient harm to prejudice the defendant before the jury.

In this modern day methods of transportation, wherein high powered automobiles play such an important part, and very often meet at the same street level, approaching from different directions, much care is necessary in order to avoid accidents, and, when one does occur, the situation presented usually entails a mixed question of law and of fact as to just what

particular action on the part of either party was the proximate cause of the accident. The usual conflicting evidence in such cases is a question for the jury to determine under proper instructions, and from a review of the record in the instant case we do not find that the trial court committed any prejudicial error in the rulings made or in refusing to grant a new trial.

For the reasons herein given the judgment of the circuit court is affirmed.

*Judgment affirmed.*

HEBEL and BURKE, JJ., concur.