W. C. Norris Manufacturing, Inc., Appellee, v. Baltimore and Ohio Railroad Company, Appellant.

Term No. 4705.

248

Opinion filed January 26, 1948. Released for publication February 26, 1948.

MURRAY & MURRAY, KRAMER, CAMPBELL, COSTELLO & WIECHERT and JOHN C. ROBERTS, all of East St. Louis, for appellant.

WILLIAM A. MILLER and ALFRED S. PFAFF, both of Salem, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment based on the verdict of a jury, for $1,800 and costs, in favor of

W. C. Norris Manufacturing, Inc., appellee (herein-
after called plaintiff), and as against the Baltimore
and Ohio Railroad Company, appellant (hereinafter
called defendant).

The cause arises as the result of a collision between
the defendant's train and the truck belonging to plain-
tiff, in the City of Salem, Illinois, on November 24,
1944. The street upon which the truck was traveling
was one of the main thoroughfares in the City of
Salem and at the point of the crossing there were
flasher lights, which were operating at the time and
immediately prior to the occurrence of the collision.
There was evidence to the effect that a brakeman, who
was an employee of the defendant, was standing in the
intersection giving signals to the engineer of a switch
engine, and that such signals were interpreted by the
driver of defendant's truck and by other automobile
drivers, as a signal to come across the intersection.
There was also evidence that an automobile had
crossed the tracks directly ahead of the defendant's
truck, and that the view of the oncoming train was
obscured. The brakeman stated that he gave a signal
for the freight train to back and that he saw the de-
fendant's truck approaching the intersection at about
fifteen miles per hour, and that he attempted to stop
the truck, but that the driver did not heed, and that
the brakeman had to get out of the way to prevent
being run over. Other witnesses indicated that the
motioning by the brakeman was taken as an indication
that traffic should come across the intersection. An
approaching passenger train of the defendant ran into
the truck of the plaintiff, causing the damage com-
plained of. The driver of the truck was killed in the
accident, but this action involves solely the damage to
the truck belonging to the plaintiff.

Defendant seeks reversal on appeal of this
cause principally upon the basis of the contention
that the evidence did not show that the driver was in

the exercise of due care and caution for the safety of the truck at the time of and immediately prior to the occurrence of the accident. The duty to use care is reciprocal between the railroad and a driver on the highway, and the precaution taken by a railroad at a crossing must be commensurate with the danger involved (*Lauer v. Elgin, J. & E. R. Co.*, 305 Ill. App. 200).

Under the facts in this case the giving of misleading signals by the employee of the defendant to the approaching motorist was enough to prevent us from concluding that the driver of the truck was guilty of contributory negligence as a matter of law (*Deheave v. Hines*, 217 Ill. App. 427). The question of contributory negligence of one injured at a railroad crossing is one of fact for the jury (*Chicago Junction R. Co. v. McGrath*, 203 Ill. 511), and the manner in which a railroad discharges its duty to warn of the approach of trains is, likewise, a circumstance of fact for the consideration of the jury. The jury having determined the issues in favor of plaintiff, this court should not set aside such findings (*Partridge v. Enterprise Transfer Co.*, 307 Ill. App. 386).

Complaint is made of certain instructions, one of which sought to instruct the jury that where a railroad train and a motor vehicle each approach a railroad crossing and each is aware of the approach of the other, it is the duty of the operator of the motor vehicle to stop and not attempt to pass in front of the advancing train. This instruction was properly refused under the evidence because it assumed that the driver of the truck was aware of the approach of the passenger train and there was no proof in the record to sustain that contention. The instruction leaves out of consideration the fact that the brakeman was at the crossing and may have misled the driver as to the danger.

Another instruction which defendant sought to have given to the jury was to the effect that if the flasher lights were operating and visible to the driver

of the truck in time to permit him to have stopped in the exercise of ordinary care before reaching the crossing, then plaintiff could not recover. This instruction, was, likewise, properly refused for the reason that it also gave no consideration to the fact that the brakeman was at the crossing giving signals which were confusing and may have been taken as a signal to proceed across the crossing.

There being no reversible error in the record, the judgment of the circuit court of Marion county, Illinois, will be affirmed.

*Judgment affirmed.*

BARTLEY and SMITH, JJ., concur.