Orpha Ohlweiler, Plaintiff-Petitioner, v. Central Engineering Company, Anson O'Brien, and Margaret S. Musfeldt, Defendants-Appellees.

Gen. No. 10,529.

Opinion filed March 4, 1952. Rehearing granted May 7, 1952. New opinion filed September 9, 1952. Rehearing denied December 10, 1952. Released for publication December 10, 1952.

EAGLE & EAGLE, of Rock Island, for appellant.

WOOD, McNEAL & WARNER, of Moline, for certain appellee; DAN H. McNEAL, and WILMOT F. WARNER, both of Moline, of counsel. SOLLO, GRAHAM & CALIFF, and VIRGIL BOZEMAN, all of Moline, for certain other appellee; VIRGIL BOZEMAN, and ROBERT G. GRAHAM, both of Moline, of counsel.

*Per Curiam.*

This is a personal injury suit brought by Orpha Ohlweiler against three defendants; namely, Margaret Musfeldt, Anson O'Brien and The Central Engineering Company, a corporation, which was engaged in construction work along the highway where the collision occurred. The plaintiff was riding as a guest in the car of Margaret Musfeldt. Anson O'Brien was driving a motor vehicle, which collided with the car being driven by Margaret Musfeldt and the plaintiff was injured.

The first count of the plaintiff's complaint charged that the defendant, Central Engineering Company, was engaged in building a four-lane highway in Rock Island county, Illinois; that part of the highway was open to four-lane traffic, and other parts only two and it was the duty of the Engineering Company to erect appropriate signs, so as to guide the travelling public onto proper lanes of traffic, but that they failed to erect and maintain the proper warning signs to apprise travellers coming north on the highway of the fact that all four lanes of the highway were open to traffic on the northernmost end of the highway that was under con-

248

struction; that the black strip between the highways was misleading and confusing to drivers approaching from the south, and that the construction company maintained a barricade, a sign and a flare at the easterly lanes at the southerly point, where all four lanes were open for traffic.

The enginering company filed its answer and denied all acts of negligence on its part and alleged that in compliance with the provisions of its contract it did maintain all signs, barricades and lights required of it by the provisions of said contract in a satisfactory condition at all times, and that said defendant did provide, erect and maintain barricades, red flags and red lights at each end of the closed sections of said highway and at all intersecting roads, and did erect and maintain at the same points "travel at your own risk" signs and the warning and other signs provided by the said department of public works of the State of Illinois.

They also allege that on August 21, 1948, this road was open to traffic and practically accepted by the public and the State of Illinois, and that thereafter the defendants had no control of said portion of highway or over traffic moving thereon, but that said portion of said highway and the routing of traffic thereon, was under the control of the Department of Public Works and Building of the State of Illinois. The plaintiff filed a reply to all of the affirmative answer of defendants.

Counts II and III of the complaint charged Anson O'Brien, the driver of the vehicle which collided with the one in which plaintiff was riding, with negligence in failing to keep a proper lookout and in failing to turn into the outer lane of traffic in order to avoid the collision that injured the plaintiff. Counts IV and V charged Margaret Musfeldt, the driver of the car in which plaintiff was riding, with wilful and wanton misconduct in continuing to operate her vehicle in the wrong lane of traffic in spite of warning by her guests.

Count VI of the complaint charged that all of the defendants jointly, caused her injuries. The plaintiff asked judgment in the amount of twenty-five thousand dollars. The defendants, Musfeldt and O'Brien filed answers wherein they denied the charges against them and the defendant, Central Engineering Company, denied the charges against it, and claimed that the collision was caused by the negligence of the other defendants, and that it had no control over the traffic and that it was entitled to the same immunity from suit as the State of Illinois. Plaintiff, in her reply, denied the affirmative defenses in the answer of Central Company.

The case was submitted to a jury, and at the conclusion of the case for the plaintiff, each of the defendants made a motion for a directed verdict. These motions were all denied and the defendants put in evidence. At the close of the defendants' evidence the case was submitted to a jury that found all of the defendants not guilty. The plaintiff entered a motion for a new trial, which was overruled by the court, and judgment was then entered on the verdict, and the plaintiff has perfected an appeal to this court.

A road runs east and west through Milan which is called the Airport Road. Branching off from this road in Milan in a "Y" to the south is Route 67. Route 67 runs south for about one-half mile where it is intersected by a road running east and west, which is referred to as the Andalusia, or Knoxville Road; and Route 67, after intersecting with the Andalusia Road continues in a general southerly direction for several miles to another intersection, referred to as Castle Junction, which is located near a church camp ground. The half-mile stretch of Route 67 between the Airport Road and the Andalusia Road, on which this collision occurred is straight and flat.

Route 67, between the Airport Road on the north and Castle Junction at the south, had formerly been

a two-lane highway and at the time of the collision the defendant, Central Engineering Company, was engaged in changing said two-lane highway into a four-lane highway under contract with the State of Illinois.

At the time of the collision, only two lanes of Route 67 were open to travel south of the Andalusia intersection, but four lanes were open north of a raised parkway or traffic island at the Andalusia intersection. In other words, the traffic which turned south on Route 67 off of the Airport Road at the Y, once it got a short distance beyond the Y, could travel south in the two westerly lanes. However, it was necessary for this traffic, as it approached the traffic island at the Andalusia intersection (being the portion of Route 67 open only to two lanes of traffic) to veer to the right and use only the westerly lane.

With reference to traffic northbound from Castle Junction, on the stretch of Route 67 open only to two lanes, as said traffic crossed the Andalusia intersection, it travelled north for several blocks on the west side of the traffic island or parkway, and as it reached the north end of the parkway or island, it was supposed to veer to the right on the stretch of Route 67 open to four-lane travel and use the easterly two lanes.

As to the particular facts of the collision involved in this appeal, the evidence shows that plaintiff, Orpha Ohlweiler, who was employed as Secretary of the Red Cross, a Miss Martin, the defendant Margaret Musfeldt and Miss Musfeldt's mother met near the Y. W. C. A. in Rock Island shortly before 5 p. m. on October 21, 1948. They were going to attend a church dinner at the camp grounds near Castle Junction.

On the way out, Miss Musfeldt drove. They went to Milan, then east through Milan, then turned south off the Airport Road at the Y in Milan, on Route 67, travelling southerly on Route 67, crossed the Anda-

251

lusia intersection and proceeded south to the camp grounds. It was light, they could see by the barricades that the road was under construction and between the Y and the island on the Andalusia intersection, where the highway was open to four-lane travel, they drove in the westernmost lane and continued on it on south to the church camp grounds.

They left the church dinner shortly after six. At that time it was dark. The defendant, Margaret Musfeldt, drove, and her mother sat beside her in the front seat. Miss Martin sat behind Miss Musfeldt in the rear seat and plaintiff sat to Miss Martin's right. The car was a Ford and Miss Musfeldt had her driving lights on and drove at around 35 miles per hour.

Miss Musfeldt took the same route back, travelling in the second lane from the west, that also being the easternmost lane on the portion open only to two-lane travel, and she continued in that lane from the camp grounds to the Andalusia intersection.

As Miss Musfeldt crossed the Andalusia intersection she continued in the same lane, the second from the west, and continued north in that lane with the island, or parkway, to her right, keeping as far to her right as she could. As she approached the north end of the parkway where four-lane travel commenced, she continued straight on in the same lane.

The defendant, Musfeldt, who was seriously injured in the collision, testified that the last she recalled was that as she went by the north end of the island the wide black median line down the center of the four lanes looked like wet cement. She did not recall any warning from her guests, nor did she recall the collision.

Plaintiff, Orpha Ohlweiler, testified that she saw the O'Brien car coming head-on toward them shortly before the collision, that she exclaimed "that car is

coming into us," or words to that effect, and that the collision occurred almost immediately.

The appellant does not complain that the court refused to allow her to put in any evidence that she claimed was proper, or that any improper evidence was introduced, but relies wholly upon the fact that the verdict of the jury is contrary to the manifest weight of the evidence, and that the court gave improper instructions to the jury.

 So far as Anson O'Brien is concerned, we see no evidence in this record where he was guilty of any negligence which caused the injuries to the plaintiff. He was driving where he had a right to be, following a truck down this highway, and as the truck slowed down and pulled to the right, he attempted to pass the truck and met the Musfeldt car head-on and the plaintiff was injured. We think the evidence fully sustains the verdict of the jury in finding Anson O'Brien not guilty.

 In regard to Margaret Musfeldt it is conceded that the plaintiff must prove that her injuries occurred by the wilful and wanton misconduct of Margaret Musfeldt, because she was riding with her as her guest. Plaintiff alleges in her complaint that it was because the engineering company by its negligence to have proper signs erected to direct traffic in the proper lane, that Margaret Musfeldt was misled in going onto the two-lane highway instead of driving on the four-lane highway. She was driving along this highway where she assumed that she had a right to be and had no warning of any kind that O'Brien was about to pass the truck when he pulled out to try to go around it, and neither she nor the occupants of her car saw the O'Brien car until they were just a few feet away from it, and then the two cars collided. We think the evidence wholly sustains the verdict of the jury in finding Margaret Musfeldt not guilty.

■■ There is considerable conflict in the evidence as between the plaintiff and the Central Engineering Company. The jury saw and heard the witnesses, and it is their province to pass upon the facts, as disclosed by the evidence, and while this court from a review of the evidence, might come to a different conclusion than that of a jury, unless their finding is manifestly against the weight of the evidence, it is the duty of the court to take the same view of the evidence as the jury.

■ The appellant complains that the court erred in giving too many instructions on behalf of the defendants. When appellant started her suit it was against these three defendants. Each one of these had a right to have the jury instructed relative to his or her defense, and it necessitated more instructions than if there was just one defendant, and while some of them might be a repetition of some of the law enunciated in other instructions, we do not think that the court erred in giving the number of instructions that he did.

■ Plaintiff's refused instructions No. 5 and 6 are similar. One is as follows: "The Court instructs you that if you find from the greater weight of the evidence that the defendant, Central Engineering Company, a corporation, was negligent in the maintenance of its barricades and flares and thereby caused or materially contributed, to cause the collision in question and injuries to Orpha Ohlweiler, then you should find the defendant, Central Engineering Company, a corporation, guilty and award damages against it in favor of Orpha Ohlweiler, provided that you further find that she exercised ordinary care for her own safety at and prior to the time of the collision in question." These instructions should have been given, as they correctly state the law applicable to the facts in the case.

■ Appellant criticizes some of the instructions that were given on behalf of the defendant, Margaret Mus-

feldt, especially the third one, which described wilful and wanton misconduct. We are inclined to think that this instruction was proper, but whether it was, or was not, is immaterial, as it only directs a verdict in favor of Margaret Musfeldt, and it is our conclusion that the court should have directed a verdict in favor of Margaret Musfeldt and Anson O'Brien at the time they entered their motions for a directed verdict at the conclusion of plaintiff's evidence.

Appellant's refused instruction No. 7 is as follows: "You are instructed that while Orpha Ohlweiler must prove that she exercised ordinary care at and prior to the time of the collision in question, yet you are further instructed that a driver's negligence cannot be imputed to a guest riding in the car, and in this case, even if you find that Margaret Musfeldt was negligent in some respect, you are instructed that her negligence, if any, cannot be charged against or imputed to Orpha Ohlweiler." On behalf of the appellees, Central Engineering Company, several instructions were given to the jury in regard to the negligence of Orpha Ohlweiler, and under the facts as developed in this case it was error to refuse to give this instruction. *Budek v. City of Chicago,* 279 Ill. App. 410 and *Deheave v. Hines,* 217 Ill. App. 427.

Appellant's given instruction No. 8, as tendered is as follows: "The Court instructs the jury that if you find from the greater weight of the evidence that Central Engineering Company owed a duty to exercise reasonable care toward Orpha Ohlweiler and other persons travelling upon the highway at the time and place in question and that Central Engineering Company was negligent and violated said duty and thereby caused or materially contributed to cause the injuries to Orpha Ohlweiler, then you are instructed that it is no defense to Central Engineering Company to show that someone else such as officers of the State

of Illinois, were also negligent." As modified and given, "The Court instructs the jury that if you find from the greater weight of the evidence that Central Engineering Company owed a duty to exercise reasonable care toward Orpha Ohlweiler and other persons travelling upon the highway at the time and place in question and that Central Engineering Company was negligent and violated said duty and that such negligence, if any, was the proximate cause of the injuries to Orpha Ohlweiler, then you are instructed that it is no defense to Central Engineering Company to show that someone else, such as officers of the State of Illinois, were also negligent." Appellant seriously contends that by striking out the words "caused or materially contributed to cause the injuries to the plaintiff," and inserting the words that the "negligence, if any, was the proximate cause of the injury," was reversible error because there were three defendants in the case, and that the negligence of the Central Engineering Company need not be the proximate cause, but if it materially contributed to her injuries, is the proper rule of law.

Evidently the defendant, Central Engineering Company, at the time of the trial considered this a proper statement of the law, because we find the appellees used the same language in instruction No. 11, and it is as follows: "The Court instructs the jury that the plaintiff was not relieved from the exercise of due care and caution merely because she was a guest in the automobile in which she was riding; but she was bound to use and exercise ordinary care and caution for her own safety. And if you believe from the evidence that the plaintiff at and immediately before her injury failed to exercise ordinary care and caution for her own safety, which caused or contributed to her injury, or that she failed to use her senses and faculties to warn the driver of the automobile in which she was riding

of approaching danger, and that her failure so to do under all the circumstances and conditions in evidence was negligence on her part, *which caused or contributed to her injury,* then the plaintiff cannot recover from the defendant, Central Engineering Company, and you should find said defendant not guilty.'' The court erred in modifying the tendered instruction.

Appellant's refused instruction No. 8, stated the law relative to a person confronted with sudden and imminent danger, and under such circumstances they are not required to use the same degree of judgment and presence of mind as when not faced with such danger. On account of the court, on behalf of the appellee, giving several instructions requiring the plaintiff, Orpha Ohlweiler, to prove by the greater weight of the evidence that she was in the exercise of ordinary care for her own safety, we are of the opinion that she was entitled to such an instruction as tendered.

The appellee, Central Engineering Company's given instructions Nos. 3, 4, 5 and 6 dealt with the statute concerning the rules of the road. They were not applicable to the facts and circumstances, as developed by the record in this case, and should not have been given.

We do not express any opinion as to the weight of the evidence in this case, as it will have to be submitted to another jury on account of the refused instructions the court should have given on behalf of the appellant, Orpha Ohlweiler.

The judgment so far as Anson O'Brien and Margaret Musfeldt, will be affirmed, and the judgment in favor of the Central Engineering Company will be reversed, and the case remanded to the circuit court of Rock Island county.

*Affirmed in part and reversed in part.*